Bkkvaud, J.,
delivered the determination of the whole court, except Tkezevant, J., sick. 1. We are of opinion that the first excep. tion ought not to prevail, because a note, which is commonly called a promissory note, for the payment of money, must be in the nature of the thing a promissory note within the meaning of the act; and the note being set forth verbatim, in the indictment, removes every possible doubt. 2. The offences charged in the indictment are not pursuant to the act of assembly of 1801, and are not within the scope or intent of that act, because the persons intended to be defrauded, are not stated to be within any of the United States. But the offences, as charged, are within an act of assembly of 1736-7, P. L. 146, which following the expressions of the statutes of Geo. 2, against forgery, and which are adopted by the act of assembly of 1801, enacts, that if any person shall falsely make, or cause, or *222 Procure to 'ie freely made, or willingly act, any deed, or promissory note for payment of money, or shall uller, with intention to defraud amJ person whatsoever, he shall on conviction suffer deaih. Il does not appear to us that these two acts are repugnant or contradictory, . . , . ,, , dr so inconsistent as that they may not stand well together. 1 he latter, to be sure, is more limited and confined in its operation than the former ; but there does riot seem to lie any necessity for construing the latter so as to operate the repeal of the former; nor would there be arty propriety in doing so. 3. We are of opinion the charges are properly set forth, according to the words and intention of the act, and agreeably to the precedents ; and that this exception is not good. See Cr. Circ. Comp. 377. 4. This exception, we think, is fatal. The indictment avers that the forged note purported to be made by Nathaniel Durkie, and afterwards sets forth the tenor of the note, by which it appears that the note purports to be made by N. Durkie, which is absurd and repugnant. It is very true that the form of the instrument being set forth, it does appear to be such a one as is within the act of assembly; and it was not necessary to state that it purported to be made by the person whose name is signed to it; but all tlie authorities cited to this point, shew, that this sort of re-pugnancy has always been regarded as a fatal defect in an indict, meat for forgery ; and we ought to be as cautious in cases of this sort, where the life of a fellow mortal is at stake, as the judges in England. On this ground the judgment is arrested.- But the prisoner may be again indicted for the same offence.
Note. Where one material part of an indictment is repugnant to another, the whole is void: as in an indictment against A. for forging a writing, whereby B. is bound to C., winch is impossible if the writing be forged. 2 Haw. 228, 229, 6th ed. 325. An indictment charging a man disjunctively is void; as that A. forged such a deed, or caused to be forged. 2 Haw. 225 6th ed. 321.
Every affirmative act is a repeal, by implication, of a precedent affirmative one so far as it is contrary thereto, although there are no negative words in it; lor leges posteriores priores abrogant Bac. Abr. tit. “ statute,” D. But where a statute before perpetual, is continued by an affirmative statute for a limited time, this does not amount to a repeal of it, at the end of that timo. Ib. Repeals by-implication are not favored in law, nor are they allowed except the inconsistency or repugnancy is plain; for they carry with them a reflection upon the wisdom of the legislature; for such repeals have ever been confined to the repealing a» little of the preceding laws as is possible. Ib. 11 Co. 63.