#### FOR THE

### COUNTY OF ESSEX.

### APRIL TERM, 1847.

---

PRESENT,

Hon. ISAAC F. REDFIELD, ⎫
Hon. DANIEL KELLOGG, · ⎬ Assistant Judges.
Hon. CHARLES DAVIS, ⎭

---

### STATE *v.* GEORGE D. BEAN.

If one of the counts in an indictment is correct, it is sufficient, upon motion in arrest of judgment.

In an indictment for forgery a variance between the count and the forged instrument, in the spelling of a name,·is unimportant, if the same sound is preserved.

Where the averments in an indictment for forgery improperly describe the import of the obligation of the contract forged, this defect is not cured by reciting the instrument *in hæc verba;*—but a note in these words,—" For value received I promise to pay Mr. Frank Wilson, or order, the sum of $25,60 *to bade* the first day of January next and interest,"—sufficiently imports, that it is made payable the first day of January next ensuing its date, and will support an averment to that effect in an indictment for forgery.

INDICTMENT for forgery. In the first count it was alleged, that the respondent forged a certain promissory note," purporting to bear ' date the twenty-eighth day of April, in the year of our Lord one

State *v.* Bean.

'thousand eight hundred and forty-six, and to have been signed by
'one David Harriman and one Samuel Gates, for the payment of
'twenty-five dollars and sixty cents the first day of January then
'next after the date of said note, with the interest, to one Francis
'Willson, or his order, the tenor of which said ~~~~~ forged promissory
'note is as followeth, that is to say,—' *April the 28 day year 1846,*
'*For value received i promest to pay Mr Frank Willson or order the*
'*sum of twenty five dollars and sixty cents to Bade the first day of*
'*January next and inest,* (signed) *David heremon. Samuel Gates,*'—
'with intent," &c. The second count was similar, except that it
described the note as made payable "to one Mr. Frank Willson,"
but recited the note, as in the first count. Trial by jury, December
Term, 1846,—Davis, J., presiding.

On trial the forged note was offered in evidence, and was, in all
respects, as recited, *in hæc verba,* in the indictment. The respon-
dent objected to its admission, upon the ground of variance; but the
objection was overruled by the court.

Other questions were raised; but as they were not insisted upon
in the supreme court, they need not be noticed here.

Verdict of guilty. Exceptions by respondent.

———— for respondent.

The paper offered in evidence as the forged note does not agree
with the description of it contained in the indictment. It does not
purport to be payable on the first day of January next after its date,
nor to be payable to Francis Willson, nor to be signed by David
Harriman. It does not help the indictment, that a literal copy of
the note is given in both counts. Arch. Cr. Pl. 45. The instru-
ment must be correctly described, or the respondent will be acquit-
ted. Arch. Cr. Pl. 91, 94–97, 339. *Rex* v. *Jones,* 1 Doug. 300.
*Rex* v. *Reading,* 1 East 180, n. 2 Leach 590. *Rex* v. *Gilchrist,*
Ib. 657. *Rex* v. *Edsall,* Ib. 662, n. *Rex* v. *Hunter,* Ib. 624, 2
East P. C. 928. *Rex* v. *Barton,* 1 Mood. C. C. 141.

*Wm. T. Barron,* state's attorney.

A promise to pay is distinctly expressed in the note, without the
words "*to Bade,*" and the purport of the note is so stated. Those
words are meaningless and can have no purport. *Purport* means

the substance of an instrument, as it appears, on the face of it, to every eye that reads it.   2 Russ. on Crimes 388.

The error in the first count, in averring the note to have been made payable to Francis Willson, is corrected in the second count ; and, the verdict being general, the conviction must be sustained, *State* v. *Davidson,* 12 Vt. 300.

The opinion of the court was delivered by

REDFIELD, J.   The only exception now insisted upon is in regard to the variance.   As to the person to whom the note is made payable, it is correctly described in the second count;  and if one of the counts in an indictment is correct, it is sufficient.

The difference between *Herriman* and *Harriman* is unimportant ; it is obviously *idem sonans,* which makes the names the same in law, —for no man is to be acquitted in consequence of bad spelling, merely, in the indictment, if substantially the same sound is preserved.   In many names the " *e* " is sounded like the " *a*,"—as in most names coming from the continent in Europe.   This name is of that character, when spelled with an " *e* " in the first syllable.

As to the term found in the note, " *to bade*," whether it is wholly unmeaning, or imports " *to be paid*," is not important, perhaps. For if wholly stricken out, the note is then payable upon the first day of January ;—and if these words have any meaning, they do mean *to be paid.*

It is true undoubtedly, as insisted, that the averments of the obligation, which the note imported, must not be inconsistent with those which seem to flow from it, *as set forth in the bill;* otherwise the judgment will be arrested.   And therefore, where the averments in the indictment improperly describe the import of the obligation of any contract forged, this defect is not cured by reciting the instrument *in hæc verba.*

Judgment, that respondent take nothing by his exceptions.   Sentence, three years in the state prison.