*J. Ryman*, for the appellant.

May Term,
**1856.**

ZELLERS
v.
THE STATE.

| 7 | 659 |
|---|---|
| 126 | 312 |
| 7 | 659 |
| 141 | 686 |
| 7 | 659 |
| 166 | 218 |

---

## ZELLERS *v.* THE STATE.

Every person is presumed to have a christian name.

Indictment for forgery. The indictment alleged the passing to *A. B. Robinson* of a forged bank note, purporting, &c., knowing, &c., with intent to defraud said *A. B. Robinson.* It was proved on the trial that *Robinson's* name was *Alexander B. Robinson*, but that he was often called *A. B. Robinson.*

*Held*, that the averment that the note was passed to *A. B. Robinson*, was not sufficient, without an averment that his christian name was unknown.

*Held*, also, that the indictment was bad on motion in arrest.

*Held*, also, that a motion for a new trial (the indictment being bad on the motion in arrest) was correctly overruled.

*Held*, also, that the variance between the name alleged in the indictment and the name proved on the trial, was fatal.

The indictment purported to set out the instrument alleged to have been forged, *in hæc verba*, and the name of the president of the bank was stated to be *Sedbetter.* The name appearing in the instrument offered in evidence, was *Ledbetter.* *Held*, that the variance was fatal.

APPEAL from the *Owen* Circuit Court.

GOOKINS, J.—On an indictment for forgery, the appellant was tried, convicted and sentenced to confinement at hard

*Monday,*
*June* 16.

May Term,
1856.

ZELLERS
v.
THE STATE.

labor in the state's prison. His motions for a new trial, and in arrest of judgment, were overruled, and exceptions taken.

The indictment alleged the passing to *A. B. Robinson* of a forged bank note purporting to be for 20 dollars, on the bank of *Tennessee*, knowing it to be counterfeit, with intent to defraud the said *A. B. Robinson.*

On the trial *Robinson* was introduced as a witness, and among other things testified that his name was *Alexander B. Robinson*, and that he was often called *A. B. Robinson.* Objection was taken by the prisoner for the variance, and we think well taken. Every person is presumed to have a christian name. *Gardner* v. *The State*, 4 Ind. R. 632. The indictment should have set out the true name, or should have averred it to be unknown to the grand jury.

The instrument alleged to have been forged was set out in the indictment *in hæc verba*, and the name of the president of the bank was stated to be *Sedbetter.* The name appearing in the instrument offered in evidence was *Ledbetter.* The prisoner's objection, on the ground of variance, was overruled. This was error. The variance was fatal.

The motion for a new trial should not have been sustained, however, on account of these errors, because the Court ought not to have ordered a new trial upon a defective indictment. But the motion in arrest of judgment should have been sustained. The statement in the indictment that the note was passed to *A. B. Robinson*, was not sufficient, at least without an averment that his christian name was unknown. 1 Chitt. Cr. L. 215.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, with instructions to the Circuit Court to sustain the motion in arrest of judgment, and to commit or hold the defendant to bail to answer a further indictment. 2 R. S. 380, s. 146.

*H. L. Livingston*, for the appellant.

*J. W. Gordon*, for the state.