## HARRY N. BROWN

### *v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. PLEADING AND EVIDENCE—*variance—indictment for forgery.* Where an indictment for forgery of a promissory note set forth a copy of the note, after the words "the tenor of which counterfeited promissory note is as follows, to-wit;" and in the copy as given, the maker's name was spelled "*Otha* Carr," while in the note offered in evidence it is "*Oatha* Carr:" *Held*, that the variance was fatal.

2. Where an indictment for forgery professes to set out the forged paper according to its tenor, the names should be spelled as they are in the original, as the word "tenor" in such connection binds the pleader to the strictest accuracy.

WRIT OF ERROR to the Circuit Court of Warren county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. KIDDER & NORCROSS, and Mr. JOHN J. GLENN, for the plaintiff in error.

Mr. W. BUSHNELL, Attorney General, for the People.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an indictment for forgery, found by the grand jury of Warren county against plaintiff in error and one Robinson. Plaintiff in error was arrested, arraigned, and tried by the court and a jury, found guilty and sentenced to confinement in the penitentiary at hard labor for one year. To reverse that judgment the record is brought to this court on error, and various grounds are urged for reversal.

On the trial the prosecution offered in evidence the instrument alleged to have been forged, when accused objected on the ground of a variance between the indictment and the instrument offered.

The indictment contains two counts, in the first of which it is averred that accused "unlawfully and feloneously did falsely, fraudulently make and forge a certain promissory note for the payment of money, and the signature and mark of one Otha Carr to said promissory note purporting to be made and executed by said Otha Carr. The tenor of which promissory note is as follows, to-wit:

"$150.00.          "BERWICK, ILL., Aug. 29th, 1870.

Six months after date, for value received, I promise to pay J. B. Drake, or order, one hundred and fifty dollars, with interest at 10 per cent per annum till paid.

his<br>
OTHA + CARR."<br>
mark.

"Witness, by H. N. BROWN.

The second count avers the uttering of a promissory note, knowing it to be false, fraudulent, forged and counterfeit, "the tenor of which counterfeited promissory note is as follows, to-wit." Then follows the copy of a note in all respects similar to that set out in the first count of the indictment.

The note offered in evidence purports to have been signed "Oatha $\overset{\text{his}}{+}$ Carr." The difference in the manner of spelling the signature as described in the indictment and of that to the instrument offered in evidence, is the variance relied on by defendant below. In Wharton's Am. Cr. Law, Vol. 2, sec. 1471, 6th Ed., it is said, an omission of a part of the date is fatal under such an averment. It is further said, "but where the indictment charges the note to be in purport and effect following, it was held that 'I promise' was an immaterial variance from 'I promised.' It would seem, however, that the distinction taken in the last case between the averments 'words and figures following,' and 'tenor and effect,' if such was actually intended, is not in conformity with precedents. The word 'tenor' binds the pleader to the strictest accuracy." And for this last proposition reference is made to, *Rex* v. *Powell*, 2 East's Pleas of the Crown, 976. Again, the same author says, in sec. 1476, "An indictment for forgery of an instrument, professing to set it out according to its tenor, should give the names, in describing the instrument, spelled as they appear spelled in the original." And this rule appears to be supported by authority, and we recognize it as being correct. The name is differently spelled in the indictment and the note offered in this case, and it manifestly falls within the rule thus announced.

We have thus far considered the case as though the note was read in evidence, although the record only states that the people's attorney offered the note in evidence, to which defendant's attorney objected, on the ground of variance between the note described in the indictment and the note offered. Although the record fails to show that the note was read to the jury, still the question of variance would perhaps arise on another trial, and hence we have chosen to decide the question.

But if the note was not read in evidence, then the evidence wholly fails to support the verdict. In such a case there is

nothing to support the finding. In either case, however, the judgment must be reversed. If it was read in evidence, it was error, because of the variance, and if it was not read, then there is error, as the verdict and judgment have no basis on which to rest.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*