## JAMES ROBERTS v. THE STATE.

1. FORGERY—REPUGNANCY IN INDICTMENT.—An indictment for forgery alleged the purport of the forged instrument to be a "check for money on the City Bank *of Dallas*," and also set out the instrument *in hæc verba*, thereby showing it to be a check on a "City Bank," without designation of place. *Held*, that this repugnancy between the purport and the tenor clauses of the indictment is fatal.

2. SAME.—The indictment further alleged that the said false instrument would, if true, have created a pecuniary obligation from the ostensible drawer "to the said City Bank *of Dallas*." *Held*, that this allegation is repugnant to the tenor of the instrument as set out *in hæc verba*.

3. SAME.—If the indictment incorrectly avers the obligation of the forged instrument, the error is not cured by setting out the instrument *in hæc verba*.

4. IDEM SONANS.—Lindsay, Lindsey, and Lindsy are *idem sonans*; but neither of these names can be held *idem sonans* with "Lindly."

APPEAL from the Criminal District Court of Dallas. Tried below before the Hon. S. HARE.

The case is sufficiently stated in the opinion.

*C. E. Tucker* and *George R. Fearn*, filed an able brief for the appellant.

*H. H. Boone*, Attorney General, and *W. B. Dunham*, for the State.

WHITE, J. Two errors are mainly relied upon for a reversal of the judgment of the lower court in this case, namely:

1st. That the allegations of the indictment are fatally inconsistent, repugnant, and contradictory to each other.

2d. That there is a fatal variance between the allegations in the indictment and the proof adduced in support thereof.

The indictment is for forgery, and the instrument charged to have been forged is set out by its tenor *in hæc verba*. As described by its purport, the instrument is alleged to be a check for money on "the City Bank of Dallas." This

latter allegation is not supported by a reference to the instrument itself, it being a check drawn simply upon the "City Bank," and not upon "the City Bank of Dallas;" nor does it support the other allegation, that the "false instrument so made as aforesaid, if the same were true, would have created a pecuniary obligation from the said D. G. Lindsay to the said City Bank of Dallas." It is addressed to "City Bank," and purports as well to have been drawn upon any other City Bank as the "City Bank of Dallas."

Mr. Bishop, in his work on Criminal Procedure, says: "Especial care should be taken that there be no repugnance between the purport and tenor clauses in these indictments; for, if there is, not only will the indictment be ill when it is necessary to set out the purport, but also when it is not. Thus, in South Carolina, where the purport clause went beyond what was necessary, and set out the name of the person who purported to be the maker of the forged note, yet the note as recited under the subsequent clause was apparently executed by a person of slightly varying name, this was held to be insufficient by reason of the repugnancy. 'It is very true,' said Brevard, J., 'that, the form of the instrument being set forth, it does appear to be such a one as is within the act of assembly, and it was not necessary to state that it purported to be made by the person whose name is signed to it; but all the authorities cited to this point show that this sort of repugnancy has always been regarded as a fatal defect in an indictment for forgery.'" 2 Bishop's Cr. Proc., sec. 416.

In the case of *The State* v. *Bean*, Redfield, J., says: "It is undoubtedly true that the averments of the obligation which the note imported must not be inconsistent with those which seem to flow from it *as set forth in the bill;* otherwise, the judgment will be arrested. And, therefore, where the averments in the indictment improperly

describe the import of the obligation of any contract forged, this defect is not cured by reciting the instrument *in hæc verba.*" 19 Vt. 530.

The second ground of error, as above stated, has reference to the name of the drawer as signed to the false or forged instrument. In the indictment the name is alleged to be that of D. G. Lindsay. A photographic copy of the instrument is sent up, as part of the statement of facts in the case, for the inspection of the court. On the trial, D. G. Lindsey was a witness for the state, and deposed that he spelled the last syllable of his name with an "e," instead of an "a," as spelled in the indictment. If the variance in the names had only consisted in this difference in spelling the last syllable, or if, as is contended, the last syllable of the name forged contains neither an "e" nor an "a," but is simply "sy," the pronunciation would still in each case be the same, and the variance would be unimportant, and would obviously come within the rule of *idem sonans*, which makes the names the same in law. *The State* v. *Bean,* 19 Vt. 530; *Louis Foster* v. *The State,* 1 Texas Ct. of App. 531.

There being in this case, however, doubts as to what the last syllable of the name was, the counsel for the state examined the teller of the City Bank as an expert in identifying and deciphering signatures, and, after an inspection of the instrument, he said he would take the letter in the last syllable to be an "l," and not an "s." If he is correct in his opinion, then the name signed to the forged instrument would be "Lindly," and not Lindsay, two names entirely different and distinct both in spelling and sound. Whart. Am. Cr. Law, 4th ed., sec. 606.

We are of opinion that the variance in regard to the name alleged and that proven was fatal. See *Com.* v. *Kearns,* 1 Va. Cas. 109; *Zellers* v. *The State,* 7 Ind. 659; *Turpin* v. *The State,* 19 Ohio St. 541; *Porter* v.

*The State*, 15 Ind. 433; *Brown* v. *The People*, 66 Ill. 344; 2 Bishop's Cr. Proc., sec. 406; Whart. Cr. Law, 4th ed., secs. 307–309.

The judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*