## STATE *v.* HORAN.

An indictment which charges the defendant with forging an instrument purporting to be signed by A, and sets out an instrument purporting to be signed by B, is bad on demurrer for repugnancy.

Such an indictment must show on its face that the instrument alleged to be forged is one of which forgery can be committed.

INDICTMENT, charging that the defendant, on &c., at &c., "with force and arms did falsely make, counterfeit and sign a certain application to the Metropolitan Life Insurance Company, . . . . for a policy of insurance, to be issued by said company, purporting to be made and signed by one James Jennings, which said false and counterfeit application is as follows, to wit: . . . . with intent to defraud said company, contrary," &c.

The defendant demurred.

*Sulloway & Topliff*, for the defendant.

*R. M. Wallace*, solicitor, and *Burnham & Brown*, for the state.

SMITH, J. The indictment charges the defendant with counterfeiting an application for a policy of insurance purporting to be signed by James Jennings. The instrument set out purports to be signed not by James Jennings, but by Kate Kelly, and to be her application for a policy of insurance upon the life of James Jennings. As the name of the applicant in the purport clause of the indictment varies from the name given in the tenor clause, the repugnance is fatal. 2 Bish. Crim. Proc. (3d ed.), s. 416; *Rex* v. *Hunter*, R. & R. 511; *The King* v. *Jones*, 1 Doug. 300; *State* v. *Clark*, 23 N. H. 429. The allegation that it is the application of James Jennings is descriptive, and cannot be rejected. *Commonwealth* v. *Ray*, 3 Gray 441; *State* v. *Sherburne*, 59 N. H. 99.

The indictment is bad also because it does not show on its face that the instrument is one of which forgery can be committed. The statute makes it a crime to counterfeit, among other writings, "any warrant, order, or request for the payment of money or the delivery of any property or writing of value." G. L., c. 276, s. 1. The indictment does not allege that the insurance policy requested is either of the writings mentioned in the statute. It should have averred, in formal and appropriate language, that the policy is a writing of value.

*Demurrer sustained.*

ALLEN, J., did not sit: the others concurred.