H. A. CAMPBELL V. THE STATE.

*No. 1199.   Decided November 13th, 1895.*

**Forgery—Indictment—Purport and Tenor—Variance.**

In an indictment for forgery where the purport clause alleged that the forged instrument purported to be the act of the accused, another party, and one M. W. Leonard, and the tenor clause described the instrument as one executed by the accused, another party, and one W. W. Linard. Held: A fatal variance for which the prosecution should be dismissed.

APPEAL from the District Court of Fannin. Tried below before Hon. W. A. EVANS, Special Judge.

This appeal is from a conviction for forgery, with punishment assessed at two years' imprisonment in the penitentiary.

No statement necessary.

*Lusk & Thurmond*, attorneys for the appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Appellant was convicted of forgery, and his punishment assessed at two years' confinement in the State penitentiary. From the judgment and sentence of the lower court he prosecutes this appeal. The instrument charged to have been forged is as follows: "$32 $\frac{50}{100}$. Bonham, Texas, June 6th, 1893. Due on October 1st, after date, I, we, or either of us promise to pay to the order of J. P. Holmes, Pres. Bonham Nat'l Bank, thirty-two and $\frac{50}{100}$ dollars,

value received, payable at the Bonham National Bank, at Bonham, Texas, with interest at the rate of ten per cent. per annum from maturity, and ten per cent. additional on the amount of this note and interest as attorney's fees, if placed in the hands of an attorney for collection. H. A. Campbell. A Clinard. W. W. Linard." The purport of this instrument is set out in the indictment. It is alleged that the instrument purports to be the acts of others, to-wit: the acts of A. Clinard and M. W. Leonard. The tenor clause of the indictment describes the note as having been signed by H. A. Campbell, A Clinard, and W. W. Linard. The instrument does not purport to be the act of A. Clinard and M. W. Leonard, but the act of H. A. Campbell, A. Clinard, and W. W. Linard. We find a conflict between the purport and the tenor of the indictment; in other words, the allegation that the note purports to be the act of A. Clinard and M. W. Leonard is not sustained by the instrument itself. There is a variance between the tenor and purport clauses in the indictment. This being the case, what is the rule of law? Mr. Bishop (section 416, 3d Ed., of his work on Criminal Procedure) says: "Where the purport is alleged, whether necessarily or not, the allegation must be, in terms, harmonious with the tenor, or the indictment will be ill. If, for example, the name of the maker of the alleged note appears, however unnecessarily, in the purport clause, yet, if it varies from the name given in the tenor clause, the repugnance will be fatal. So an allegation that the forged check appears to be on the City National Bank of Dallas is repugnant to a setting out of the check in the tenor clause as on the City Bank, omitting the word 'Dallas,' and it will render the count bad." Roberts v. State, 2 Tex. Crim. App., 4, and authorities cited; State v. Farrand, 8 N. J. Law, 333; State v. Bean, 19 Vt., 530; Rex v. Gilchrist, 2 Leach, 657; State v. Housel, 2 Brev. 219, 222; Rex v. Reeves, 2 Leach, 808; Rex v. Edsall, 1 East, 150, note. A motion in arrest of judgment was made expressly upon this variance between the tenor and purport. The motion should have been sustained. It is very doubtful under the facts bearing upon the subject whether the confessions of appellant were admissible in evidence. We call attention to this matter with a view to another trial if an indictment should again be presented. The judgment is reversed and the prosecution dismissed.

*Reversed and Dismissed.*