## W. S. FITE v. THE STATE.

*No. 1034.   Decided March 28th, 1896.*

**Forgery—Indictment—Purport and Tenor—Variance.**

Where an indictment for forgery, in the purport clause, alleged, that the instrument purported to be the act of "Mr. Andrew Arlow" and the tenor clause set out an instrument in hæc verba, which is signed "L. B. P. & Co., and Andrew Arlow." Held: A motion in arrest of judgment upon the ground of a fatal variance between the purport and tenor clause of the indictment should have been sustained.

APPEAL from the District Court of Hunt. Tried below before Hon. E. W. TERHUNE.

This appeal is from a conviction for forgery, the punishment being assessed at two years' imprisonment in the penitentiary.

No statement necessary.

*Evans & Garrett,* for appellant.—The court erred in overruling the motion in arrest of judgment, which attacked the indictment for a fatal variance between the purport and tenor clauses. Campbell v. State, 35 Tex. Crim. Rep., 182; Roberts v. State, 2 Tex. Crim. App., 4; Westbrook v. State, 23 Tex. Crim. App., 401; State v. Farrand, 8 N. J. Law, 333; State v. Bean, 19 Vt., 530; Rex v. Gilchrist, 2 Leach, 657; Rex v. Reeves, 2 Leach, 808; Rex v. Sall, 1 East., 150; Bishop's Crim. Proc., 3rd Ed., § 416; 8 Amer. and Eng. Ency. of Law, 4, 517-483; 25 Amer. Reps., 475.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of forgery; hence, this appeal. Appellant was charged with forging an instrument purporting to be a contract between "The L. B. Price Co." and "Andrew Arlow, in regard to an album. It is alleged that the instrument purports to be the act of "Mr. Andrew Arlow." The tenor clause of the indictment sets out the instrument or contract in hæc verba, as having been signed by L. B. Price & Co. and Andrew Arlow. There is a direct conflict between the tenor and purport clauses of the indictment. The purport clause alleges the act to be the act of Andrew Arlow, and the tenor clause charges it to be the act of L. B. Price & Co. and Andrew Arlow. This constitutes a fatal variance between the two clauses of the indictment. A motion in arrest of judgment was made upon this ground, which was overruled. We are of opinion this should have been sustained. See Campbell v. State, 35 Tex. Crim. Rep., 182. We deem it unnecessary to enter into a discussion of this question further than to refer to the Campbell case and cited authorities. The judgment is reversed, and the prosecution ordered dismissed.

*Reversed and Prosecution Dismissed.*