## W. L. THULEMEYER v. THE STATE.

### No. 1539. Decided November 24, 1897.

**Forgery—Indictment—Purport and Tenor—Variance.**

Where an indictment for forgery alleged, in the purport clause, that the instrument declared on was forged by a false indorsement purporting to be the act of "Wm. M. Cook, Jr.," and the instrument as set out in the tenor clause showed the indorsement to be Wm. Cook per Wm. M. Cook, Jr., W. L. Thulemeyer."—Held, a fatal variance.

APPEAL from the District Court of Bexar. Tried below before Hon. ROBERT B. GREEN.

Appeal from a conviction for forgery; penalty assessed being three years imprisonment in the penitentiary.

The appeal from defendant's first conviction on this transaction will be found in Thulemeyer v. State, 34 Texas Criminal Reports, 619. The present indictment was found after that case was reversed. The charging part of the indictment is set out in the opinion.

No further statement required.

*Arthur W. Seeligson* and *J. H. McLeary,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of forgery, and his punishment assessed at confinement in the penitentiary for a term of three years; hence this appeal.

The first question presented is as to the validity of the indictment; that is, whether there is repugnance or variance between the purport and tenor clauses thereof. The charging part of said indictment is as follows: That W. L. Thulemeyer "did then and there, without lawful authority, and with intent to injure and defraud, did willfully and fraudulently make a false instrument in writing, purporting to be the act of another, to wit, the act of Wm. M. Cook, Jr., by then and there indorsing on the back of a genuine instrument in writing, to the tenor following:

" 'Treasury Warrant.    $52.77.

" '[Seal.]          No. 232.          Comptroller's Office.

" 'AUSTIN, TEXAS, Sept. 18, 1894.

" 'The Treasurer of the State of Texas will pay to the order of Wm. M. Cook, pr. W. M. Cook, Jr., fifty-two & 77-100 currency dollars, for direct tax paid in Calhoun County, and charge the same to special deposit direct tax fund.

" '——————————, Treasurer.

" 'STEPH. H. DARDEN, Comptroller.

" 'Chf. Clerk.'

—"the names 'Wm. Cook, pr. Wm. M. Cook, Jr., W. L. Thulemeyer,' which said indorsements made by the said W. L. Thulemeyer, as aforesaid, would, if the same had been true and genuine, have transferred said genuine instrument in writing."

Said indictment distinctly charges that the forgery consists in the false indorsement on the back of said instrument purporting to be the act of William M. Cook, Jr. In the tenor clause, in setting out the indorsement on the back of said instrument, the pleader sets out as follows: "Wm. Cook, pr. Wm. M. Cook, Jr., W. L. Thulemeyer." The contention here is that in the purport clause the pleader should have set out all the names constituting the indorsement, in order that there should be an accurate correspondence between the purport and tenor clauses of the indictment. In accordance with our decisions upon this question, the point seems to be well taken. See Roberts v. State, 2 Texas Crim. App., 4; English v. State, 30 Texas Crim. App., 470; Campbell v. State, 35 Texas Crim. Rep., 182; Fite v. State, 36 Texas Crim. Rep., 4; Stephens v. State, 36 Texas Crim. Rep., 386; Gibbons v. State, 36 Texas Crim. Rep., 469; 2 Bish. New Cr. Proc., sec. 416; Cross v. People, 47 Ill., 152; State v. Horan, 64 N. H., 548, 15 Atl. Rep., 20; 2 Shars. & B. Lead. Cr. Cas., p. 101, and note; 9 Enc. Pl. and Prac., p. 575, and notes. It will be observed that the allegation in the purport clause of the indictment is "that the indorsement purported to be executed by Wm. M. Cook, Jr." If we should eliminate entirely from our consideration, as a part of the

tenor clause, the name "W. L. Thulemeyer," then we have an instrument indorsed by "Wm. Cook, pr. Wm. M. Cook, Jr.;" that is, we would understand from this that the indorsement was executed by William Cook, by his agent, William M. Cook, Jr. The real forgery would consist in signing, without authority, William Cook's name by William M. Cook, Jr., the latter of whom assumed to act as the agent of the former; that is, it would consist in the forgery by some one else of both names. To make this clearer: If A. undertakes to act as the agent of B., and to execute an instrument for B., the credit given to the instrument would be on account of B.'s name; and, if A. had authority to execute the instrument for B., it would be binding upon B. The forgery of such an instrument would consist in the forgery by some one else of both B.'s and A.'s name. The indictment here, in its purport clause, simply charges that the indorsement was signed by William M. Cook, Jr. Looking to the tenor clause, we see at once that he merely purported to sign it for William Cook; that it was William Cook who was to be bound, and not William M. Cook, Jr. Looking to the purport clause alone, we would expect to find an indorsement simply by William M. Cook, Jr., and not at all an instrument signed by him as agent of another. Aside from the strict rule of pleading which has been followed by this court for a long period of time, and which seems to be supported by the current of authority, it obviously occurs that any other rule as applied to the indictment, in attempting to set out this instrument by its purport, would be misleading and confusing. But, however that may be, the rule of pleading on this subject has been long established and we see no reason to depart therefrom.

Appellant assigns a number of other errors. We have examined the record in respect to the same, but, in our opinion, the court did not err in the admission or rejection of testimony, nor in the charges given or refused; but, on account of the variance between the purport and tenor clauses of the indictment, the judgment is reversed, and the cause dismissed.

*Reversed and dismissed.*