## H. A. MAYERS v. THE STATE.

### No. 3245. Decided February 22, 1905.

**Forgery—Indictment—Variance.**

Where in the purport clause of the indictment the instrument is charged to be the act of Gay Simpson and when the instrument is set out according to its tenor, it appears to be signed by Mayer and Simpson, the variance is fatal in an indictment for forgery.

Appeal from the District Court of Erath. Tried below before Hon. W. J. Oxford.

Appeal from a conviction of forgery; penalty, two years' imprisonment in the penitentiary.

The opinion states the case.

*Nugent & Carter,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of forgery, and his punishment assessed at confinement in the penitentiary for a term of two years; hence this appeal. An examination of the indictment discloses that it is insufficient. The pleader attempted to set out the alleged forged instrument according to its purport and tenor. In the purport clause the instrument is charged to be the act of Gay Simpson. When the instrument is set out according to its tenor, it appears to be signed by Mayers and Simpson. This is a variance, according to the authorities, between the purport and tenor clauses, and is fatal to the indictment. Campbell v. State, 32 S. W. Rep., 899; Fite v. State, 34 S. W. Rep., 921; Stephens v. State, 37 S. W. Rep., 425; Gibbons v. State, 37 S. W. Rep., 861; Crayton v. State, 7 Texas Ct. Rep., 973. It is not necessary to discuss other propositions. Because the indictment is insufficient, the judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*