DAVID CARTER, ALIAS BIG BOY, v. THE STATE.

No. 4007. Decided December 12, 1908.

**1.—Forgery—Indictment—Corporation—Co-Partnership.**

Upon trial for forgery where the defendant was not charged with a forgery of an instrument purported to be executed by a certain railway company, or that said company was the beneficiary in the instrument or the party intended to be injured or defrauded, there was no necessity to allege partnership or corporation.

**2.—Same—Purport Clause—Tenor Clause—Variance.**

Upon trial for forgery where the indictment alleged an instrument executed by Yard in the purport clause and Yard, Paymaster, in the tenor clause, Yard not being the party intended to be injured or defrauded, there was no variance, the use of the word paymaster being· simply descriptive. The name of the injured party need not be alleged.

**3.—Same—Endorsement—Payee.**

The fraudulent indorsement of the name of the payee upon an existing valid negotiable note is forgery by alteration under article 531 penal code. Following Strang v. State, 32 Texas Crim. Rep., 319.

**4.—Same—Jury and Jury Law.**

Where upon trial for forgery the jury was selected under the provisions of the Act of the Thirtieth Legislature there was no error.

**5.—Same—Verdict—Forgery.**

Where upon trial for fraudulently altering a certain instrument by entering thereon a fraudulent indorsement, the jury found the defendant guilty of altering an instrument in writing, the objection that the verdict was a special one and did not state the essential ingredients of the offense and was void, was untenable.

Appeal from the Criminal District Court of Galveston. Tried below before the Hon. J. K. P. Gillaspie.

Appeal from a conviction of forgery; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*R. H. & Alice S. Tiernan,* for appellant.—On question of insufficiency of indictment: English v. State, 30 Texas Crim. App., 470; Colter v. State, 40 Texas Crim. Rep., 165; 49 S. W. Rep., 379; Munoz v. State, 40 Texas Crim. Rep., 457; 50 S. W. Rep., 949; Joiner v. State, 46 Texas Crim. Rep., 408; 80 S. W. Rep., 537. On question of verdict: Jackson v. State, 21 Texas, 668; O'Connor v. State, 37 Texas Crim. Rep., 267; 39 S. W. Rep., 368; 22 Enc. Plea. Prac., p. 892.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—The indictment in this case contains three counts. The first count charged appellant with making a certain false instrument in writing purporting to be the act of another, to wit: purporting to be the act of George M. Yard, which said instrument is as follows:

"GULF, COLORADO & SANTA FE RAILWAY CO.

"PAY CHECK.

Payable at Bank of
    Hutchings, Sealy & Co., Galveston, Texas, and
    other Banks on the line, No. 53099, Series 1907,

Galveston, Texas, July 31, 1907.

TREASURER GULF, COLORADO & SANTA FE RY. CO.

Pay to the order of Jessie Dalton.............3.............$23.21
Twenty-three........21........Dollars
　　in full payment of wages for July, 1907.
　　　　　　　　　　　　　　　Ex G. No. 32 Track Roll.
　　75 Insurance......Watch................
Board 15.
Hospital 40 Bills Collectible......Y. M. C. A.......
　　　　　　　　　　　　　　　　　Geo. N. Yard,
　　　　　　　　　　　　　　　　　　Paymaster."

Said instrument in writing being indorsed on the back thereof
as follows:

"The endorsement of this check must be legally and technically
correct, and if made by 'his mark' the witness should give his resi-
dence.

"Each intermediate party cashing or handling this check must
endorse his name on the back, and must know the person from whom
he receives the...........................................
check, and that he is the proper holder thereof."

The second count in the indictment charges appellant with fraudu-
lently altering the aforesaid instrument with intent to injure and de-
fraud and which had theretofore been made by George N. Yard by
endorsing on the back of said instrument the name of Jessie Dalton,
the payee in said instrument. The third count charged the appellant
with knowingly passing said instrument knowing the name of Jessie
Dalton to be forged with intent to injure and defraud. The case
was submitted to the jury on the second count which charged the
altering of the instrument by forging the name of Jessie Dalton
thereon.

A motion was made to quash the bill of indictment in the court
below. As the case went to the jury only on the second count
it will not be necessary to pass upon the first and third counts.
The appellant moved to quash the second count upon three grounds,
first—Because endorsing the name of Jessie Dalton on the back of the
instrument is not altering the instrument within the meaning of
article 531 White's Penal Code. And, second—That there is a
variance between the purport and tenor clause of the indictment,
in that the purport clause of the indictment charged that the in-
strument had been executed by George N. Yard while the tenor
clause said George N. Yard, paymaster. And the third ground of
the motion is that the pleader failed to allege that the Gulf, Colorado
& Santa Fe Ry. Co. is a firm, partnership or corporation. As to the
last objection, we fail to see the force of same as the appellant was

not charged with the forgery of an instrument purported to be executed by the Gulf, Colorado & Santa Fe Ry. Co. Had this company been the beneficiary in the instrument or the party intended to be injured or defrauded, then it would have been necessary to have alleged whether it was a corporation, copartnership or joint stock company. See Carder v. State, 35 Texas Crim. Rep., 105. As to the second objection that it alleges an instrument executed by Yard in the purport clause and Yard, Paymaster, in the tenor clause, it may be said that Yard not being the party intended to be injured or defrauded, we do not think that it can be regarded as a variance because the purport clause omitted to use the word "Paymaster," paymaster being simply descriptive. This case is unlike the case of Thulemeyer v. State, 38 Texas Crim. Rep., 349. There is where the indictment alleged in the purport clause that the instrument declared on was forged by false endorsement purporting to be the act of William M. Cook, Jr., and the instrument as set out in the tenor clause shows the endorsement to be William Cook, per William M. Cook, Jr. This court in that case held that there was a variance. We hold that it is not necessary that the name of the party injured should be set out in the purport clause of the indictment. It is sufficient to say with the intent to injure or defraud without giving the name of the party injured, or intended to be injured. The bill of indictment in this case alleges the endorsement of the name of Jessie Dalton on the back of an instrument made by Yard with intent to injure or defraud. We hold that there is no variance between the purport and tenor clause simply because the word "Paymaster" is used in the tenor clause and not in the purport clause.

As to the first ground of objection that to forge the name of the payee on the back of an instrument is not altering the instrument within the meaning of article 531, we will content ourselves by saying that this question is not now an open question in this State. This court in the case of Strang v. State, 32 Rep., 319, held that the fraudulent endorsement of the name of the payee upon an existing valid negotiable note is forgery by alteration under article 531. We are therefore of opinion that the second count of the indictment was a valid count and not subject to the criticism made by appellant.

It is unnecessary to notice appellant's bill of exceptions to the mode and manner of selecting the jury in this case as the same had been selected under the provisions of the Act of the Thirtieth Legislature and the question raised, having already been passed upon adversely to appellant's contention.

The only remaining question necessary to be considered is the last ground of appellant's motion for a new trial, which is the verdict of the jury being a special one does not state the essential ingredients of the offense and that said verdict is void and of no

effect and will not sustain the judgment thereon rendered. The verdict is as follows: "We, the jury, find the defendant guilty of altering an instrument in writing and assess his punishment at five years in the penitentiary." We think appellant's objection to the verdict is more captious than serious. Article 531 says that altering is forgery when done without lawful authority and with intent to injure. The jury found the fact that he did alter it and it follows that it is a forgery. We think there is nothing in this contention.

The evidence amply supports the verdict and the judgment is in all things affirmed.

*Affirmed.*