### GEORGE SIMMONS v. THE STATE.

#### No. 878.　Decided January 11, 1911.

**1.—Forgery—Variance—Instrument Set out in Indictment.**

Where, upon trial of forgery the instrument set out in the indictment was signed "Doff Gillard" and the one introduced in evidence was signed "Dolf Gillard" the variance was fatal.

**2.—Same—Rule Stated—Idem Sonans.**

The name of the grantor or signer of any instrument in a prosecution for forgery is always a matter of vital importance, and where the instrument is set out in haec verba, it becomes important to make proof of same, including the signature literally in accordance with the instrument as contained in the indictment; and the doctrine of idem sonans has no application in such a case. Following Fischl v. State, 54 Texas Crim. Rep., 55, and other cases.

**3.—Same—Charge of Court—Abstract Proposition of Law.**

Where, upon trial of forgery, it might well have been held on appeal that a charge of the court submitting an abstract proposition of law, although correct was not applicable to the facts of the case; yet where the case is reversed on other grounds it becomes unnecessary to decide whether this was reversible error

Appeal from the District Court of Liberty. Tried below before the Hon. L. B. Hightower.

Appeal from a conviction of forgery; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*H. E. Marshall,* for appellant.—Upon question of variance: Ex parte Rogers, 10 Texas Crim. App., 655; Edgerton v. State, 70 S. W. Rep., 90; Webb v. State, 39 Texas Crim. Rep., 534; Popper v. State, 9 Texas Crim. App., 55; Murphy v. State, 6 Texas Crim. App., 554.

Upon question of the court's charge in submitting abstract proposition of law: Brisco v. State, 27 Texas Crim. App., 193; Otero v. State, 30 Texas Crim. App., 450; Surrell v. State, 29 Texas Crim. App., 321; Chamberlain v. State, 25 Texas Crim. App., 398; Bradford v. State, 25 Texas Crim. App., 723; Willson's Code Criminal Procedure, article 716.

*John A. Mobley,* Assistant Attorney-General, for the State.

HARPER, Judge.—This appeal is prosecuted from a conviction for forgery had in the District Court of Liberty County on August 10 of last year, in which appellant's punishment was assessed at confinement in the penitentiary for a period of three years.

We deem it unnecessary to make a detailed statement of the facts in the case, though we can not refrain from expressing the opinion that the evidence is not entirely satisfactory, though in view of the action of the trial court in overruling the motion for a new trial it is doubtful if we should interfere on this ground.

1. The instrument alleged to have been forged is in words and figures as follows:

"Liberty Co. Texas, March the 5, 1909, this is to certify that *i* have sold, an to be delivered to Geo Simmons one brown horse branded in my wife brand which is to be paid by the month in work for the som of $25 which is to be paid by the month in work at the some of $6 per month, this is our agreement.

Doff Gillard,<br>Geo. Simmons,

Witness: B. B. Burrell."

The instrument introduced in evidence was practically identical with that set out in the indictment except that it was signed Dolph Gillard. Mr. Dolph Gillard was introduced in evidence and testified to his name, and that his name, Dolph Gillard, was signed to the instrument shown him. It will be noted that the indictment alleges that the name of Doff Gillard signed to said instrument was intended for and meant Dolph Gillard. That there is a variance between the name alleged to have been appended to the instrument and that in fact signed to it there can be no doubt. Nor do we believe that the doctrine of idem sonans can have any application to this kind of case. The name of the grantor or signer of any instrument is always a matter of vital importance, and where, as in this case, the instrument is set out in haec verba, it becomes important to make proof of same, including the signature literally in accordance with the instrument as contained in the indictment. This matter came before this court and received careful consideration in the case of Fischl v. State, 54 Texas Crim. Rep., 55, where we said:

"It seems to have been universally held that where an indictment undertakes to set out the forged instrument according to its tenor that the strictest proof is required, and that this is furnished only by an exact copy. Such is the holding of this court in the cases of Baker v. State, 14 Texas Crim. App., 332; Edgerton v. State, 70 S. W. Rep., 90; see also Shipman v. Fulcrod, 42 Texas, 248. In the Edgerton case Judge Henderson says: 'We understand that tenor imports an exact copy and requires the strictest proof.' See also Roberts v. State, 2 Texas Crim. App., 4; Coulson v. State, 16 Texas

Crim. App., 189; Thomas v. State, 18 Texas Crim. App., 213; Smith v. State, 18 Texas Crim. App., 399, and Moore v. State, 20 Texas Crim. App., 233. On this same question Mr. Bishop says: 'If the indictment professes to set out a written instrument by its tenor, whether the law has made so exact an averment necessary in the particular case or not, the proof must conform thereto with almost the minutest precision.' (1 Bish. Crim. Proc., 3d ed., 488; 1 Whart. Crim. L., 8th ed., No. 737.) Ex parte Rogers, 10 Texas Crim. App., 655-73; Brown v. The People, 66 Ill., 344. Under these authorities there is undoubtedly a fatal variance between the bill of sale set out in the indictment and that set out in the evidence."

2. Complaint is made of the following portion of the court's charge:

"But it is not requisite in order to constitute this offense that the accused in committing the offense intended to injure or defraud any particular person or that any particular person was injured or defrauded by the forgery, but it is sufficient if it appears that possibly someone might be defrauded thereby."

The defense was that the instrument was executed merely as a memorandum, and for this innocent purpose and none other. The court instructed with reference to this defense in this language: "If you believe and find from the evidence that the defendant did execute said instrument without authority from Gillard, yet if you further believe from the evidence that the instrument was made only for the purpose of a memorandum and not for the purpose of holding said instrument as an executed bill of sale from Gillard for the horse mentioned, or if upon this point you have a reasonable doubt, you will find the defendant not guilty." It is objected that the first clause of the charge above quoted is inapplicable in that it is an abstract proposition of law not applicable to the facts of the case. We think probably in view of the nature of the defense under the peculiar facts of this case that it might well be held that the first clause of the charge quoted above should not have been given; however, it becomes unnecessary to decide whether for the giving of this charge we should reverse the judgment.

For the error pointed out the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Prendergast, Judge, not sitting.