George Simms v. The State.

No. 13775.    Delivered November 26, 1930.
Reported in 32 S. W. (2d) 852.

The opinion states the case.

*W. T. Scarborough* of Kenedy and *W. H. Blanton* of Floresville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for forgery; punishment, two years in the penitentiary.

Two questions confront us, one being the sufficiency of the indictment, and the other the sufficiency of the testimony. The trial court submitted to the jury in his charge only the first count in the indictment which charged, in substance, that George Simms did without lawful authority, and with intent to injure and defraud, wilfully and fraudulently make a certain false instrument in writing purporting to be the act of another, to-wit: R. C. Simms, which said false instrument is to the tenor following,—and there is then set out a check drawn on the First National Bank of Kenedy, Texas, signed as follows: "R. C. Simms by George Simms." For what light it may shed upon our opinion, it is stated that the testimony shows that appellant's real name is George Simms, that he signed the check R. C. Simms by George Simms, and that he has a brother in Kenedy, Texas, named R. C. Simms, with whom he had dealings in buying cattle several years prior to the instant transaction, but according to the testimony of R. C. Simms, appellant had no right to draw a check upon his brother's account in said Kenedy bank and sign to said check the name of his brother by himself as agent at the time of this transaction.

Is there a fatal variance between the allegation in the purport clause of the indictment, viz.: that the alleged false instrument purported to be the act of R. C. Simms, and the tenor clause set out an instrument signed R. C. Simms by George Simms? Practically the uniform holdings of the cases in this State are to the effect that it is not necessary to state in the indictment any purport clause, but if there be such, then any variance between it and the instrument set out by its tenor, would be fatal to the indictment. Campbell v. State, 35 Texas Crim. Rep. 182; Fite v. State, 36 Tex. Crim. Rep. 4; Thulemeyer v. State, 38 Texas Crim. Rep. 349. On authority of these and many other cases cited in Sec. 1401, Branch's Annotated P. C., it is said:

"If the purport clause of the indictment alleges the forged instrument to be the act of one or more named persons and the instrument as set out by its tenor purports to be the act of more or less persons than alleged in the purport clause, the variance is fatal to the validity of the indictment."

Beyond question the purport clause in the indictment before us avers that the check in question purports to be the act of R. C. Simms, and it is equally true that the instrument set out by its tenor was signed "R. C. Simms by George Simms."

On almost identical facts, but somewhat reversed, an indictment was held bad in the Thulemeyer case,⁹ supra, in which, referring to a document signed by one person by his agent, another,—this court says:

"The forgery of such an instrument would consist in the forgery by someone else of both B's and A's name."

We are not in accord with the reasoning otherwise announced in the opinion in said Thulemeyer case, supra, but believe when one signs the name of another to a document, expressly stating in the writing that same is so signed by himself as agent,—this purports to be all the act of the agent, and in nowise the act of his principal. We are at a loss to see how the question of determining the validity of the document by proof aliunde that the agent was authorized to sign the name of his principal,—in anywise prevents or hinders the act done, viz. : the signing of the name of the principal by his agent,— from appearing to be the physical act alone of the agent. A document so signed in no sense purports to have been signed by the principal, but is in fact signed only by the agent, and necessarily purports to have been signed by him.

In Sec. 7, at page 898, 26 Corpus Juris, we find the following:

"But one who executes an instrument purporting on its face to be executed by him as agent of a principal therein named, when in fact he has no authority from such principal to execute such instrument, is not guilty of forgery, as the instrument is nothing different from what it purports to be, the act being a false pretense."

As sustaining the text, the cited cases are In Re Tully, 20 Fed. 812; People v. Bendit, 111 Cal. 274, 31 L. R. A. 831; Barren v. State, 12 Ga. App. 342; State v. Taylor, 46 La. Ann. 1332, 25 L. R. A. 591; State v. Willson, 28 Minn. 52; Mann v. People, 75 N. Y. 484. The following quotation is taken from Barron v. State, supra:

"The reason is plain : for, in the latter case, the fraud, if perpetrated at all, is effected by inducing confidence in the validity of

100

the agency alleged to exist, whereas in the case of real forgery the fraud is committed by inducing the belief that the paper was executed or signed by him who purported to have signed it, when in truth and in fact such was not the case. In forgery the false instrument must carry on its face the semblance of that for which it is counterfeited, although it is not necessary that the semblance be exact."

This holding is clearly distinguishable from a conclusion that one who verbally represents himself to have authority to sign the name of another to an instrument which he signs alone in the name of his supposed principal, is guilty of forgery. In Re Phipps, 8 Ont. A. 77.

While one who signs to a document the name of another by himself as agent thereby creates an instrument which, if used to defraud, might subject him to prosecution for swindling, we do not think such document can be the subject of forgery by the said agent. Of course, as said by Judge Henderson in the Thulemeyer case, supra, if both names, i. e., the name of the principal and also that of the supposed agent, are signed to the document by a third party without authority, this would be the subject of forgery.

We are clearly of opinion also that the variance between the purport and tenor clauses is such as to render the indictment bad.

The judgment will be reversed and the prosecution ordered dismissed.

*Dismissed.*

HAWKINS, J., absent.