(No. 28797.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HERBERT NICKOLS, Plaintiff in Error.

*Opinion filed November 21, 1945.*

HERBERT NICKOLS, *pro se.*

GEORGE F. BARRETT, Attorney General, and GEORGE O. HEBEL, State's Attorney, of Aledo, for the People.

Mr. JUSTICE SMITH delivered the opinion of the court:

This is a writ of error to review a judgment of the circuit court of Mercer county. The record contains only a transcript of the common-law record. Plaintiff in error appears *pro se.*

The record discloses that on April 10, 1941, plaintiff in error, Herbert Nickols, was indicted by the grand jury of Mercer county for the crime of forgery. The instrument alleged to have been forged was set out in the indictment. It purported to be an instrument in the form of a check, drawn on the Second National Bank of Monmouth, and purported to be signed by "J. B. Clark." It was alleged in the indictment that the instrument was forged with the intent to defraud "J. B. Clark," the purported drawer.

The record further shows that when plaintiff in error was arraigned on April 11, 1941, the court appointed counsel to represent him. On April 15, 1941, he appeared in court in person and by his counsel and entered a plea of guilty to the indictment. After being admonished as to the effect of such plea, he persisted therein, the plea was accepted and he was found guilty on his plea and sentenced to the penitentiary for the crime of forgery.

His contention in this court is that the name, "J. B. Clark," purporting to be the name of the drawer of the forged instrument, was a name he had used himself as an *alias,* and that he could not be convicted of forging an instrument with the intent to defraud himself. As already observed, the case is presented here on the common-law record. He has attached to his briefs what purports to be unauthenticated and uncertified copies of certain letters and documents tending to show that prior to his conviction he served a term in the penitentiary in the State of Missouri under the name of "Jack Clark;" that he had been known by, and used the names of, J. B. Clark, Jack Clark and Jack B. Clark. It is obvious, of course that such letters and documents, even though they were properly authenticated, cannot be considered on this review, as they are no part of the record and cannot be made a part of the record by plaintiff in error attaching them to his briefs.

Plaintiff in error contends that it was incumbent upon the People to prove that there was, in fact, such a person as J. B. Clark, named in the indictment as the party defrauded. By the defendant's plea of guilty, he admitted all the facts charged in the indictment, including the existence of the person alleged to have been defrauded. It was not incumbent upon the People to offer any proof. (*People* v. *Lantz,* 387 Ill. 72; *People* v. *Denning,* 372 Ill. 549; *People* v. *Decker,* 347 Ill. 258.) Plaintiff in error having entered a plea of guilty to the crime charged in the indictment cannot now, on the common-law record, question the existence of the person alleged to have been defrauded, or claim that he himself was such person. Upon his plea of guilty it was not incumbent upon the People to offer any evidence to show the existence of the party alleged to have been defrauded, or that that party was someone other than plaintiff in error.

There is, however, an error shown by the record, which is so obvious that it cannot be overlooked. The indictment

to which plaintiff in error pleaded guilty, as shown in the abstract and in the record, omitting the caption, is as follows:

"THE GRAND JURORS chosen, selected and sworn, in and for the County of Mercer in the State of Illinois, in the name and by the authority of the People of the State of Illinois, upon their oaths present: That HERBERT NICKOLS late of the County of Mercer and State aforesaid, on the 1st day of October in the year of our Lord one thousand nine hundred and forty at and within the said County of Mercer in the State of Illinois, aforesaid, feloniously, fraudulently and falsely did make, forge and counterfeit a certain check purporting to have been made and executed by one J. B. Clark for the payment of money to one Harry E. Crow, which said false, forged and counterfeited bank check is in the words and figures following, to-wit:

No..........

Second National Bank of Monmouth, Ill. 70-625

Monmouth, Ill., Oct. 1, 1940

PAY TO THE
ORDER OF ..............,..........................$3.93/100

Three and 93/100 .................................DOLLARS
FOR...........                        J. B. Clark

**7**
Member
Federal Reserve
System

with the intent thereby then and there to prejudice, damage and defraud the said J. B. Clark; contrary to the form of the Statute in such case made and provided and against the peace and dignity of the same People of the State of Illinois."

It will be noted that the indictment charges the forging of a "check purporting to have been made and executed by one J. B. Clark for the payment of money to one Harry E. Crow." This averment is then followed by what is alleged to be the forged instrument according to its tenor, which is set out *in haec verba*. The instrument set out in the indictment is not a check for the payment of money to Harry E. Crow. Neither is it a check payable to bearer or to the order of anyone. No payee is named therein. It is stated in the brief of defendant in error that the in-

dictment set out in the abstract inadvertently omitted the name of Harry E. Crow, as payee in the instrument. It is further stated that the payee's name does appear in the original indictment. This statement is not justified by the record. No payee's name appears in the instrument set out in the indictment as shown, either in the abstract, or in the transcript of the record. We are bound, of course, by the record. We cannot accept the statement of counsel in the briefs to dispute a positive fact shown in the record. No action was taken by defendant in error suggesting any errors or inaccuracies in the record filed by plaintiff in error. No supplemental record or correction of the record has been suggested or presented. We must, therefore, assume that the record certified by the clerk and filed in this court is correct.

Referring to the indictment, we find that in the purport clause of the indictment, plaintiff in error was charged with forging a check purporting to be payable to Harry E. Crow, which is not the instrument set out in the tenor clause of the indictment.

A check is defined as a draft or an order upon a bank purporting to be drawn upon a deposit of funds, for the payment of a certain sum of money to a certain person named therein, or to his order or to bearer. (*Economy Fuse and Mfg. Co.* v. *Standard Electric Mfg. Co.* 359 Ill. 504.) An instrument is not a check if it does not appear from the face of the paper to whom it is payable. *Equitable Trust Co.* v. *Harger,* 258 Ill. 615; *Geske* v. *State Bank of Heyworth,* 273 Ill. App. 294.

After alleging in the purport clause of the indictment that the instrument forged purported to be a check payable to Harry E. Crow, the tenor clause shows that it was not a check at all, and that it did not purport to be a check payable to Harry E. Crow. It was not necessary, of course, that the indictment describe the instrument both by its purport and by its tenor, yet where it attempts to do so,

the two descriptions must be consistent and it must appear from the face of the indictment that they refer to the same instrument. Had the purport clause been omitted in this indictment, which it might well have been, and the instrument had been described only as in the tenor clause, no one would contend that on the trial such an instrument as is described in the purport clause would have been admissible in evidence. This is so because it would have been an entirely different instrument from that set out in the indictment. Conversely, if the instrument described in the purport clause had been set out in the indictment according to its tenor, the instrument which was set out in the tenor clause would not have been admissible in evidence. A variance between the tenor clause and the purport clause is fatal. *Commonwealth* v. *Ray*, 3 Gray 441 (Mass.); *State* v. *Horan*, 64 N. H. 548, 15 A. 20; *Dana* v. *State*, 2 Ohio St. 91; *State* v. *Houseal*, 4 S.C.L. 219; *State* v. *Shawley*, 5 Hayw. 256 (Tenn.); *Tracy* v. *State*, 49 Tex. Cr. 37, 90 S. W. 308; *Mayers* v. *State*, 47 Tex. Cr. 624, 85 S. W. 802; *Evans* v. *State*, 138 Tex. Cr. 179, 135 S. W. 2d 121; *Simms* v. *State*, 116 Tex. Cr. 97, 32 S. W. 2d 852; *State* v. *Bean*, 19 Vt. 530; *Sutton* v. *Commonwealth*, 17 Ky. L. 175, 30 S. W. 665; 37 C.J.S. p. 73, sec. 55.

It is apparent, therefore, that there is a fatal variance between the purport clause and the tenor clause of the indictment, in the description of the instrument alleged to have been forged. For this fatal defect, the indictment was wholly insufficient to sustain the judgment of conviction. This is an error appearing from the common-law record.

To give a court jurisdiction of the subject matter in a criminal case, it is essential that the accused be charged with a crime. If that is not done, a plea of guilty in manner and form as charged does not authorize the court to render a judgment of conviction for some criminal offense,

and if a judgment is so rendered, it is void and may be attacked at any time, either in a direct proceeding on review or collaterally. (*People* v. *Buffo,* 318 Ill. 380.) No waiver or consent by a defendant in a criminal prosecution can confer jurisdiction or authorize his conviction in the absence of an accusation charging him with a violation of the criminal law. (*People* v. *Pilewski,* 295 Ill. 58.) A plea of guilty in manner and form as charged in the indictment is an admission only of what is well pleaded in the indictment. The plea confesses nothing if the indictment charges no criminal offense, and the defendant may question the sufficiency of the indictment to charge an offense by motion in arrest of judgment or on a writ of error.

Since an accusation charging a crime is the foundation of the proceeding in a criminal case, without which no conviction can be sustained, the court will not, when the insufficiency of the charge is brought to its attention before final judgment, affirm the conviction. *People* v. *Wallace,* 316 Ill. 120.

The rule relating to the pleading of instruments in indictments for forgery is technical, but we cannot disregard it for that reason. It has been universally recognized and, though strict, it is not without reason to justify it. *People* v. *Pfieiffer,* 243 Ill. 200; *People* v. *Tilden,* 242 Ill. 536; *Goodman* v. *People,* 228 Ill. 154.

The indictment being wholly insufficient to sustain the conviction, the judgment and sentence based thereon are erroneous, and cannot be sustained.

The judgment of the circuit court of Mercer county is reversed.

*Judgment reversed.*