## John Welch v. The State.

No. 3286.   Decided May 9, 1906.

**1.—Theft of Mules—Self-Serving Declarations.**

Where upon a trial for theft of mules the State had offered in evidence other accounts of defendant of how he came by the property, as original and inculpatory evidence, and not for the purpose of impeaching him as to his statement on the stand, it would not authorize defendant to support his testimony given on the stand by proving that he gave similar accounts of his testimony delivered on the trial, before or after his arrest; although the State subsequent to his testimony, introduced testimony that the defendant's account as to how he came by the property was not true.

**2.—Same—Evidence—Cross-Examination—Impeachment—Harmless Error.**

Where upon trial for theft of mules, a witness for the defendant had testified to playing a game of cards with defendant and others at a certain time, and the State upon cross-examination over objection of defendant asked said witness if the

game of cards that he had in mind was not a game in which the defendant and others were engaged at a different time and place than the one testified to about by witness, and if that was not the only game of cards that he ever witnessed in which said third parties participated with the defendant, to which witness replied in the negative, the court qualifying such exception by the statement that the question was merely to fix the time of the game with reference to one to which defendant had alluded, and had laid a predicate for the trade for the mules, and not to impeach the witness, or to prove other offenses. Held that there was no error; besides if impeaching testimony it would be harmless as defendant had admitted that he had been prosecuted for felonies.

### 3.—Same—Argument of Counsel.

Where upon trial for theft of mules it did not appear from the record that the argument of State's counsel was not predicated on the testimony, there was no error.

### 4.—Same—Postponement—Want of Diligence—Self-Serving Declaration.

Where upon trial for theft of mules a motion to postpone for absent witnesses was made pending the trial, and the record showed that there was not sufficient diligence, there was no error in overruling the motion. Besides the testimony of the absent witnesses was inadmissible had they been present, as simply showing self-serving declarations of defendant.

### 5.—Same—Declarations of Third Parties and by Defendant.

Upon a trial for theft of mules, it was not competent to show by a witness of defendant that the witness told defendant some time after the alleged occurrence and before the arrest of the defendant that witness believed they were laying a scheme to have defendant arrested about the mules in question; nor was the reply of the defendant thereto competent testimony.

### 6.—Same—Circumstantial Evidence—Possession—Admission of Defendant.

Upon a trial for theft of mules where the defendant claimed that he purchased them from the son of the prosecutor, it was an admission of the taking of the mules, the State having introduced evidence that the defendant's statement was false, thus leaving him under his confession as having come into possession of the mules by taking and driving them from prosecutor's pasture; this brought the evidence within the rule as to the acquisition of the property as a case of positive and not of circumstantial evidence, and there was no error in not charging on circumstantial evidence.

Appeal from the District Court of Brown. Tried below before Hon. John W. Goodman.

Appeal from a conviction of theft of mules; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Jenkins & McCartney,* for appellant.

*J. E. Yantis,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of the theft of mules, and his punishment fixed at three years confinement in the penitentiary; hence this appeal.

Appellant offered to prove that he told certain parties about how he got the mules from Robert Hooper, to wit: that he told Andrew McMillan, in the presence of Boyd, that he bought the mules alleged to have been stolen from Robert Hooper. This was objected to because it was a self-serving declaration. This bill is approved with the following ex-

planation by the court: "Defendant offered to testify that he told Grover Boyd on the morning that defendant claimed to have gotten the mules from Robert Hooper about having played cards with Hooper on the previous Friday night, substantially as testified to by defendant in this case. And also that after Robert Hooper's return from California, he (defendant) told Andrew McMillan, in the presence of Boyd that he (defendant) had gotten the mules from Robert Hooper, and had sold them at Indian Gap. These alleged conversations were in no way connected with statements of defendant proved by the State, and were self-serving, if made, and defendant admitted that all the statements proved by the State were false and were made by him."

It will be observed that the State offered testimony of certain witnesses to the effect that appellant told them that he had raised the alleged stolen mules on the Slaughter ranch in West Texas, and by others that he stated he had bought the mules from one Wells. This testimony was not offered for the purpose of impeaching the witness (appellant) but was offered by the State as original testimony against him, before he went on the stand. Afterwards he went upon the stand and testified that he acquired the mules in an entirely different way. This was competent testimony for him. He could not simply corroborate himself as to this statement by showing that he had made a similar statement to other parties, one account being given before his arrest and the other after his arrest—unless the State had offered impeaching testimony as to his statement when on the stand. The fact that the State had offered as evidence other accounts of how he came by the property, as original and inculpatory evidence, and not for the purpose of impeaching him as to his statement on the stand, would not authorize appellant to support his testimony given on the stand by proving that he gave similar accounts to his testimony delivered on the trial, before or after his arrest. Nor would the further fact that the State subsequent to his testimony placed Robert Hooper on the stand, who testified that the account given by appellant as a witness as to how he came by the property,—that he acquired the same in a gambling transaction from him,—was not true. This would not be testimony contradicting any of appellant's statements to others, but would be simply testimony traversing appellant's evidence on the same subject. This testimony was not admissible as impeaching testimony, and the court did not err in excluding it. White v. State, 2 Texas Ct. Rep., 362.

The next bill is with reference to the cross-examination of the witness Crowder by the State. The State asked said witness if the game of cards he had in mind was not a game in which defendant, Robert Hooper, and he were engaged, was at a different time and place than the one testified about by the witness. Appellant objected to this because it would be proving another and distinct offense on the part of the witness. The court overruled the objection, and witness answered that the game referred to by counsel for the State, was not the one he had in mind in giving his testimony in chief, and

was the only one that he ever witnessed in which both defendant and Robert Hooper participated. This action of the court was excepted to. The court qualifies this by stating that the witness was asked the question merely for the purpose of fixing the game, its time, etc., and not to impeach the witness. If impeaching, however, it would be harmless, as witnesses had admitted that he had been prosecuted for felonies. The explanation of the court to this bill we think disposes of it. Besides, we believe it was competent to show that the witness alluded to another game than the one involved in the case as a predicate for the trade for the mules.

We do not think that there was any error in the action of the court with reference to the argument of the private prosecutor. In the bill of exceptions it appears that he stated, "defendant had already slipped through the fingers of justice three times; and will he do so again?" It does not appear that this argument was not predicated on testimony adduced. Indeed by referring to the evidence it appears to us that there was testimony adduced with reference to acquittals of defendant on charges of theft. We do not believe it was necessary for the court to have given an instruction on this subject.

As to the motion to postpone this case for witnesses Boyd and Oliver, the record shows that appellant was wholly lacking in diligence as to either of said witnesses. This motion was made pending the trial, and after the parties had announced ready and were engaged in the trial of the case. The matters and things therein set up are controverted by the State as to diligence, and an inspection of the record shows, as stated, that sufficient diligence was not used with reference to procuring either of said witnesses.

We further believe that said testimony was inadmissible had the witnesses been present. The testimony of the absent witnesses was in the nature of self-serving declarations. See the question discussed in disposing of the first bill of exceptions.

We do not believe it would have been competent to prove that the witness Oliver told defendant some time after the alleged occurrence and before the arrest of defendant, that he believed they were laying a scheme to have him (defendant) arrested about the Hooper mules. Nor was the reply of the defendant that he told said Oliver that he had seen Robert Hooper as he was going out from Brownwood, and that said Robert Hooper had promised to see his father, W. M. Hooper, and tell him about his letting defendant have said mules. This mere statement by appellant to witness Oliver would not have constituted this legitimate evidence; nor is there anything shown in the bill of exceptions to have rendered it legitimate evidence under any exception or rule of evidence with which we are familiar. Nor would the fact that defendant told Boyd about playing cards with Hooper on Friday previously as testified by Boyd on the trial have been admissible as evidence.

Under the evidence in this case it was not incumbent on the court to have given a charge on circumstantial evidence. True, no witness for the State testified to the taking, and the State relied on the circumstance of possession subsequent to the alleged taking. However, appellant took the stand himself, and admitted taking the mules; but stated he took them under a claim of right—that is, that he purchased them from Robert Hooper, son of W. M. Hooper (prosecutor). This, as we understand it, was an admission to the taking of the mules. However, the State proved that his statement with reference to his getting them by a trade from Robert Hooper was false; this left appellant under his confession as having come into possession of the mules by taking and driving them from the pasture where prosecutor was keeping them. The State not only proved by Robert Hooper that he had not traded the mules to appellant, but introduced in evidence contradictory statements of appellant, in one of which he claimed to have raised the mules in a certain pasture in the Panhandle, and in another, he claimed to have gotten the mules from Wells. Both of these statements were shown to have been false. And also the statement that he traded with prosecutor's son, as above stated, was shown to have been false. However, appellant was left under his own confession, as having come into possession of the mules by taking them from the pasture in which prosecutor was keeping them. We understand that this character of evidence brought the case within the rule as to the acquisition of the property as a case of positive, and not of circumstantial evidence; and therefore it was not incumbent on the court to give a charge on circumstantial evidence. There being no error in the record, the judgment is affirmed.

*Affirmed.*