## H. G. WHITEHEAD V. THE STATE.

· No. 9645.   Delivered January 27, 1926.

**1.—Swindling—Evidence—Of Extraneous Matters—Improperly Received.**

Where, on a trial for swindling, it was error to admit in evidence two notes, payable to R. S. Whitehead, made subsequently to the transaction on trial, and evidencing a transaction between entirely different parties, and relating to different land. This evidence was clearly irrelevant and embraced an extraneous matter, and should have been excluded. Following Brown v. State, 112 S. W. 802 and other cases cited.

**2.—Same—Evidence—Not Properly Impeaching—Erroneously Admitted.**

Where the state was erroneously permitted to introduce two letters written by appellant in regard to business matters of his firm to a creditor in Evansville, Indiana; which had no relation whatever to the case on trial, the error was accentuated by the court charging the jury that such letters might be considered as impeaching appellant's testimony. A witness cannot be impeached on a matter that is utterly irrelevant and immaterial.

**3.—Same—Evidence—Acts of Third Parties—Improperly Admitted.**

There was also error committed in permitting Miller, the alleged swindled party, to testify that the land that appellant had induced him fraudulently to convey to one Louallen, was conveyed back to him by Louallen, without any consideration. This transaction was not shown to have been known to appellant, and he was not bound by acts and transactions occurring between Miller and Louallen out of his presence, and without his knowledge.

Appeal from the District Court of Lubbock County.   Tried below before the Hon. Clark M. Mullican, Judge.

Appeal from a conviction of swindling, penalty five years in the penitentiary.

The opinion states the case.

*Bledsoe, Woodward & Higgins, Homer L. Pharr* and *Henry Bishop* of Lubbock, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is swindling, the punishment is five years in the penitentiary.

The indictment in substance charges that the. appellant with a wilful design to receive benefit to himself and to cause injury to one Miller by means of false pretenses and devices and designs and fraudulent representations did induce the said Miller to deliver to him (the appellant) a deed to certain lots in London ˉ Heights subdivision to the City of Kansas City, Kansas, of the value of $500.00, and did induce the said Miller to execute and deliver to him, the appellant, two certain promissory vendors lien notes in the sum of $850.00 each, said notes payable to O. A. Louallen. The false representations alleged to have· been made were that the said Louallen was then and there the owner of 320 acres of land in Block B-2, Section No. 9 in Winkler County, Texas, of the value of $2200.00; that the said land was situated near the town of Kermit; that the said .town of Kermit was a town of approximately 500 population; that said land was situated in a productive farming community; that said. land was good agricultural land and that the appellant was the agent of Louallen to sell or trade the land for him.

The question of appellant being the agent of Louallen is not properly in the case. The undisputed evidence shows that the record title to the land was in Louallen at the time the trade was made and it could hardly be said that the appellant was not in fact his agent, or if he was not his agent then the representation that he was would under the facts of this case be entirely immaterial.

The state offered testimony tending to sustain the allegations contained in the indictment while the appellant's testimony showed that the representations he made were made in good faith and were based on information that had been furnished him which information he believed to be true. It seems from the charge of the court that the only portion of the indictment submitted was that part that charged the fraudulent acquisition of the two notes of $850.00 each from the said Miller. This is, perhaps, a sufficient statement of the case to enable us to discuss the issues raised on this appeal.

By a proper bill of exceptions appellant complains at the court's action in permitting the· State to introduce in evidence a certain vendors lien note dated January 17, 1923, for the sum of two thousand dollars, said note payable to R. S. Whitehead and signed by Arthur Pierce and due six months after date; and also complaint is made at the introduction of another

note for the same amount signed by the same party and payable to R. S. Whitehead and due twelve months after date. Each of these notes being a vendor's lien on the south ½ of Section No. 9 in Block B-2 in said county. Appellant's objection to the introduction of said notes was that they were immaterial and irrelevant and did not relate to any trade between this defendant and Miller, the said injured party, and that they did not in any manner relate to any transaction under investigation and that they referred to matters subsequent to the transaction for which the defendant is on trial and are wholly collateral and do not tend to shed any light upon the issues involved in the case. We think that the learned trial judge was in error in admitting in evidence these notes. We have made a very careful examination of the statement of facts in this case and after so doing we are unable to determine in our own minds as to any reason why these notes should have been admitted. They were given subsequent to the transaction under investigation, they evidenced a transaction between entirely different parties and the land referred to therein is a different tract of land from that referred to in the notes mentioned in the indictment in this case; they seem to meet every test of being extraneous and irrelevant. Brown v. State, 112 S. W. 80; Glenn v. State, 76 S. W. 757; Wesley v. State, 85 S. W. 802; Lucas v. State, 95 S. W. 1035; Ware v. State, 38 S. W. 198; Britton v. State, 37 S. W. 758.

Complaint is also made at the court's action in permitting the state to introduce in evidence three letters written by the Plains Furniture Company to the Globe-Bosse-World Furniture Company of Evansville, Ind. These letters were signed Plains Furniture Company by H. G. Whitehead. The testimony shows that H. G. Whitehead was interested in the Plains Furniture Company. The first of these letters was, briefly stated, nothing more than a business communication from his firm to the furniture company at Evansville, Ind., sending them two vendor's lien notes as a further guarantee to pay its account in full. The second letter objected to simply states that a check for five hundred dollars is being enclosed to be applied on the account and is followed by some general statements with reference to the business of the furniture company at Slayden, Texas. The defendant offered every proper objection to the introduction of these letters. The court instructed the jury in his main charge with reference to these letters as follows:

"You are instructed that this testimony is no evidence of the defendant's guilt and cannot be considered by you for

that purpose, but was introduced for one purpose only and that is as it may or may not impeach the testimony of the defendant H. G. Whitehead and the witness Bob Whitehead, and you cannot consider such testimony for any other purpose if you consider it at all."

We have been cited to no authority and know of none that holds that this character of testimony is admissible for impeachment purposes. A careful examination of this record fails to reveal to us any suggestion of the relevancy of these letters. The most that these letters does is to show that the furniture company in which the appellant was interested was, perhaps, in a rather embarrassed financial condition and that appellant was seeking to satisfy his creditors with promises and partial payments. We cannot do otherwise than hold that this testimony was not admissible for the purpose of impeaching the appellant or his brother, Bob Whitehead. They were not germane to any issue involved in this case and the right the court gave the jury to use them for impeachment purposes would be equivalent to allowing the witnesses to be impeached on a matter that is utterly irrelevant and immaterial.

Appellant again complains at the court's action in permitting the witness Miller to testify that subsequent to the transaction under investigation, Louallen, the party to whom he had deeded the lots in Kansas City, Kansas, had reconveyed them to him. This testimony was objected to as irrelevant and immaterial and hearsay as to this defendant. The record discloses that such reconveyance was not in the presence of the appellant and fails to disclose that he knew anything about the said reconveyance. It was the detailing of a transaction between Louallen and Miller about which the appellant is shown to have known nothing and to have not participated in and as to him it was clearly hearsay and was doubtless harmful to his defense in this case. As the record shows that this reconveyance was made to Miller by Louallen without consideration, this was in effect permitting the state to prove by Miller that Louallen virtually conceded that the property in question had been wrongfully acquired by him. The appellant in this case was not bound by the acts and transactions occurring between Miller and Louallen out of his presence and hearing where no proof was offered to show that he in anywise knew of or was a party to said transactions.

There are various other alleged errors contained in this record but in the event of another trial, they may not occur in the same form.

For the errors discussed, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.