## STATE v. MAXWELL.

1. **Criminal Law :** FORGERY: ALTERATION. An indictment for forgery is supported by proof of a material alteration of a written instrument whereby another is defrauded.

2. ——: ——: PLEADING. The indictment is sufficient if it charge generally an intention to defraud without specifying the person intended to be defrauded, or the particulars of the fraud.

*Appeal from Delaware Circuit Court.*

THURSDAY, DECEMBER 13.

THE defendant was convicted of the crime of forgery and appeals to this court. The facts of the case, so far as they are necessary to a proper understanding of the questions ruled, are stated in the opinion.

*S. G. Van Anda,* for appellant.

*J. F. McJunkin, Attorney General,* for the State.

BECK, J.—I.  The indictment charges defendant with the forgery with an intent to defraud, of a receipted account, which

1.  CRIMINAL law: forgery: alteration. purported to discharge him from a debt of $17.15. It appears from the testimony that one Gliesendorf held an account against defendant for $10.90, who claimed that it was paid, and presented the receipted account, alleged in the indictment to be forged, as evidence of payment.  In a suit upon the claim, brought before a justice of the peace, he set up payment and supported this defense by the account, receipted as aforesaid, and testified that it was given upon a settlement of the identical claim sued upon in the action.  It was shown that prior to the time the indebtedness was contracted defendant was indebted to Gliesendorf in the sum of $17.15, and that the account, alleged to have been forged, was made out and given to defendant as presenting the items of the first indebtedness.  The account was paid.  The evidence tends to show that it was receipted and signed in the name of Gliesendorf by his clerk, but it is shown no date of payment was written on the receipt.  The evidence tends to prove that defendant subsequently wrote the date of payment upon the receipt so as to show payment after the date of the last item of the claim sued upon before the justice of the peace.  The forgery consisted in this alteration; evidence thereof was sufficient to support the allegation of the forgery of the instrument set out in the indictment.  3 Greenleaf's Ev., § 104.

II.  The indictment charges generally an intention to de-

2.  —: —: pleadings. fraud, without specifying the person intended to be defrauded or the extent or particulars of the fraud. This is sufficient.  Code, § 4313.

III.  The counsel of defendant insists that the indictment charges defendant with an intent to defraud Gliesendorf out of the sum of $17.15, and the evidence shows the intent was to defraud him to the amount of $10.90.  He therefore argues that the evidence fails to support the indictment.  But, as we have just seen, counsel is in error as to the first proposition of fact. The indictment does not charge an intent to defraud in any specified sum, but alleges the intent generally.

IV.  Counsel complains that certain instructions given are

erroneous, and others refused ought to have been given. No specific objections are made to the instructions given. We have given them careful consideration, and find nothing in them that can be regarded as error. The instructions refused were sufficiently covered by those given. It was not error to refuse, upon the request of the defendant, to repeat directions before given to the jury.

V. The testimony, we think, sufficiently supports the verdict.

VI. We have carefully considered the whole record and find no cause for disturbing the judgment of the District Court.

AFFIRMED.