## COMMONWEALTH *vs.* CHARLES BOUTWELL.

Middlesex.    June 26, 1879. — July 16, 1880.    MORTON & ENDICOTT, JJ., absent.

An indictment, under the Gen. Sts. *c.* 162, § 1, charging the defendant with the forgery of an accountable receipt for money, is sustained by proof that he inserted additional words and figures in a genuine receipt for money, by which the amount originally named therein was increased.

COLT, J.  The indictment in the first count charges that the defendant "did falsely make, forge and counterfeit a certain false, forged and counterfeit accountable receipt for money," a copy of which is set forth.  The second count is like the first, except that it describes the instrument as a "discharge," instead of a "receipt."  The evidence at the trial was, that the defendant inserted additional words and figures in a genuine receipt for money paid to one Buck, by which the amount named in the original receipt was increased from $50 to $750.

It is contended that this does not support the charge of forging the whole instrument.  But the court properly ruled otherwise.  The crime of forgery at common law is defined by Blackstone to be the fraudulent making or alteration of a written instrument to the prejudice of another's right.  4 Bl. Com. 247.  It is not necessary to the offence that the whole instrument should be fictitious.  A fraudulent insertion of additional words, or an alteration in a material part of a true document, by which another may be defrauded, is a forgery, and is well described as such.

Under the old St. of 5 Eliz. *c.* 14, against the forgery of deeds and other writings, it is said in 1 Hale P. C. 684, that the

inserting of a clause in a will purporting a devise of lands, without the direction of the devisor, is the forging of a will within this statute, though the whole will be not forged. This is stated in 1 Hawk. *c.* 70, § 2, to be because the fraud and villany are the same as if there were an entire making of a new instrument in another's name.

In the early case of *Rex* v. *Dawson*, 1 Stra. 19, the indictment charged that the defendant *fabricavit et contrafecit* a certain bank-note for the payment of money. The jury found by a special verdict that the defendant altered a genuine note for £220 so that it appeared to be a note for £550. The defendant insisted that the facts found by the special verdict were not included in the general words of the indictment "*fabricavit et contrafecit.*" But the judges were of opinion that the indictment was well enough, for it was a plain forgery, if not a counterfeit, and *fabricavit* would denote as much. And, under the St. of 7 Geo. II. *c.* 22, it was decided that altering a bill from a lower to a higher sum was a forgery; and that a person might be indicted for forging such an instrument, although the statute had the word " alter " as well as forge. *Rex* v. *Teague*, 2 East P. C. 979 ; *S. C.* Russ. & Ry. 33. *Rex* v. *Birkett*, Russ. & Ry. 251. *Rex* v. *Atkinson*, 7 Car. & P. 669. *Regina* v. *Vaughan*, 8 Car. & P. 276.

A statute of this Commonwealth imposes punishment upon any one who falsely makes, alters, forges or counterfeits certain written instruments therein named. Gen. Sts. *c.* 162, § 1. When this statute was passed, it had been settled by the law of England under similar statutes that a forgery of the whole instrument and a material alteration of it were not distinct offences, and that the latter act was well charged in criminal proceedings as a forgery of the whole. This state of the law is to be taken into account in the construction of these acts, and in the application of the rules of criminal pleading to offences committed under them. We find several cases in which the English rule has been followed by the courts of this country, but none in which it appears to have been departed from.

In *Commonwealth* v. *Woods*, 10 Gray, 477, it was held that an indictment for knowingly having in one's possession a false,

forged and counterfeit promissory note was supported by evidence of the possession of a genuine bank-note which had been altered by changing the amount from one dollar to ten. It was said by Mr. Justice Dewey, that, if any part of a true instrument be altered, the indictment may allege it as a forgery of the whole. He added, however, that where the forgery is of a mere addition which has not the effect of altering the instrument itself, but is merely collateral to it, the forgery must be specially alleged. In *Commonwealth* v. *Butterick*, 100 Mass. 12, 18, it was said to be clear that the averment that the whole instrument has been forged is satisfied by proof of a forgery of any material part; and the statement seems to have been necessary to the decision of the case.

In *State* v. *Flye*, 26 Maine, 312, the indictment was for forging an order, which was set out as it appeared when altered. The proof was that the order originally drawn for nine dollars was altered to nineteen dollars. The point was distinctly made, that, as the indictment was for forging the order, the defendant could not be convicted on proof of an alteration only. But it was held otherwise. In *State* v. *Floyd*, 5 Strob. 58, the alteration of a receipt for money, by erasing the word " part " and substituting the words " full up to date," was held to constitute the offence of forgery under the statute of South Carolina, which was borrowed from the St. of 7 Geo. II. *c.* 22 ; and, upon a full consideration by the court, in which the English cases above referred to were relied on, it was decided that an indictment alleging a forgery of the whole instrument would be supported by proof of the alteration above stated. See also *State* v. *Weaver*, 13 Ired. 491; *State* v. *Maxwell*, 47 Iowa, 454; *State* v. *Marvels*, 2 Harringt. (Del.) 527.

Whatever objections might have been originally urged against the rule as a violation of sound principles of criminal pleading, the existence of the rule cannot now be treated as an open question. The Constitution of this Commonwealth, with the clause requiring that all crimes shall be fully and plainly, substantially and formally described, was adopted after this rule was fully established, and the constitutional requirement must be interpreted with reference to it. The proof in the case at bar was of a material alteration of a genuine written instrument. The

charge is of the forgery of that instrument, and a majority of the court are of opinion that there is no material variance between the allegation and the proof. *Exceptions overruled.*

*W. D. Northend*, for the defendant.

*F. H. Gillett*, Assistant Attorney General, (*G. Marston*, Attorney General, with him,) for the Commonwealth.