A. P. PIERCE v. THE STATE. .

No. 1534.   Decided February 2, 1898.

1. **Forgery—United States Postal Money Order—Indictment—Setting Out Instrument or Substantial Copy.**

An indictment for forgery of a United States postal money order, which alleged the date, amount, place of procurement, place of payment, and name of payee, and alleged that a copy of the same could not be given, but gave the number of the order and alleged that a better description could not be given, Held, insufficient. The indictment should have set out the postal order by a substantial copy.

2. **Same—Allegation and Proof—Variance.**

.   Where an indictment for forgery alleged that the accused forged a postal money order, the proof should have shown that he personated the postmaster and executed the order; proof that he forged the name of the payee to a receipt on the order and obtained the money thereon did not respond to the allegations charging the offense; and there was a complete and fatal variance between the allegation and proof.

APPEAL from the District Court of Victoria.   Tried below before Hon. JAMES C. WILSON.

Appeal from a conviction for forgery; penalty, two years imprisonment in the penitentiary.

The charging part of the indictment is set out in the opinion, as also· the grounds of the motion in arrest of judgment attacking its sufficiency.

[No briefs for either party have come to the hands of the Reporter.]

HENDERSON, JUDGE.—Appellant was convicted of forgery, and his· punishment assessed at confinement in the penitentiary for two years; hence this appeal.

A number of bills of exception were reserved to the failure of the court. to charge certain phases of the case insisted on by appellant.   A motion was also made in arrest of judgment, which was overruled, and a bill of exceptions reserved to this action of the court.   As all of these exceptions. hinge on the indictment, we will state the charging part of the same, to· wit:  That the said A. P. Pierce "did then and there, without lawful authority, willfully and fraudulently make a false instrument in writing purporting to be the act of another, to wit, the act of H. J. Pearce, which said false instrument was a United States postal money order, a. copy of which can not be given herein, for the reason that the same was duly forwarded, as required by law, by the postmaster of Victoria, Texas, to the office of the postmaster-general of the United States, at Washington, District of Columbia, and is not now within the State of Texas, but. which was a postal money order for the sum of forty dollars, procured at. Rockdale, Texas, dated December 12, 1896, payable to H. J. Pearce, at Victoria, Texas, the number of said order being 8,898, a better description of which can not be given; which said money order the said A. P. Pierce, representing himself to be the person to whom the same was payable, to wit, H. J. Pearce, signed the name of the said H. J. Pearce:

thereunto, without lawful authority, and with intent to defraud, and thereby procured the payment of the said order to him, the said A. P. Pierce, against the peace and dignity of the State." With reference to the charges asked, the insistence is that the indictment alleges that the postoffice money order was made by H. J. Pearce, whereas said order was not made at all by him, but was made by the postmaster at Rockdale, and the forgery committed by appellant, if any, was in forging the name of H. J. Pearce to a receipt for the money due on said order. The motion in arrest of judgment alleged that "the indictment is vague, indefinite, and uncertain, and fails to put defendant upon notice as to what charge he is called upon to answer. The indictment charges that defendant made a postoffice money order in Victoria County, and at the same time alleges that said postoffice money order was procured in Rockdale, Texas. The indictment shows that this court had no jurisdiction in this cause, in that it shows the alleged forged instrument was not made in Victoria County, but in Rockdale, Texas, which is not in said county. The indictment charges that the alleged postoffice money order made by defendant purported to have been made by H. J. Pearce, without showing that said Pearce was a postmaster, or was acting in any other capacity that would authorize him to make postoffice money orders. The indictment alleging that defendant made a postoffice money order purporting to be the act of H. J. Pearce, without showing any authority in the said Pearce to make such order, fails to allege the making of an instrument that would create, increase, or diminish any pecuniary liability or obligation. The indictment shows that the alleged false instrument is neither lost, destroyed, nor in the hands of the adverse party, and fails to show any diligence to secure the same, or a copy thereof, and, although showing that its whereabouts is known, fails to show that any effort has been made to procure the same, or a copy thereof; wherefore the indictment is insufficient, in that it neglects and fails to set out the alleged forged instrument in haec verba. The indictment is inconsistent and contradictory, in that it alleges the alleged forged instrument purports to have been made by H. J. Pearce, and at the same time alleges that it was payable to H. J. Pearce, and the money was paid to someone representing himself as H. J. Pearce, by signing the name of said H. J. Pearce. The indictment failing to set out the instrument in haec verba, it must allege that if true, as made by defendant, it would have created, increased, diminished, or defeated some pecuniary obligation." This motion was overruled, and appellant reserved his bill of exceptions.

It occurs to us, on an inspection of the indictment, that appellant's motion should have prevailed. If it was true, as alleged by appellant, that he could not procure the postoffice money order itself, it seems to us that he could have set up the same by a substantial copy, which would have shown, in substance, as follows:

| 10 Dollars | U. S. POSTAL MONEY | PAYABLE IN THE UNITED STATES ONLY. |
|---|---|---|

The forgery, as before stated, consisted in defendant forging the name of H. J. Pearce to a receipt on said postoffice money order for the money due the owner thereof. We utterly fail to see how it could be alleged, under the evidence in this case, that appellant forged the money order; and certainly proof that he forged a receipt to said money order would not be proof responsive to the allegations that he forged the order itself. So, in our opinion, there was a variance between the allegation and the proof in the above respect; and, moreover, the pleader, having failed to set out the order by copy, failed in the averments to set out the substantial parts of said postoffice money order. If appellant, indeed, forged the money order, then, as contended by appellant, the proof should have shown that he personated the postmaster. In this case it shows no such thing. On the contrary, it shows that he forged the name of the payee of such order; that he forged his name to a receipt on the same, and obtained the money due on it. In our opinion, the indictment is wholly defective, and, even if it be conceded that it was a good indictment, there is a complete variance between it and the proof. The judgment is re-versed, and the cause ordered dismissed.

*Reversed and ordered dismissed.*