## MON COFER V. THE STATE.

No. 10807.  Delivered May 4, 1927.

Rehearing denied June 8, 1927.

**1.—Passing a Forged Instrument—Variance—Not Shown.**

Where, on a trial for passing a forged instrument, there appeared an endorsement on the back of the alleged forged instrument, which was not set out in the indictment, there was no variance. The endorsement is not a part of the instrument. See Cobb v. State, 286 S. W. 1086, and other cases cited.

ON REHEARING.

**2.—Same—Evidence—Held Sufficient.**

Where appellant was found in possession of a forged check, payable to a fictitious person, and having passed, and received the benefits therefrom, the jury did no violence to the facts, in their inference that he knew the check was forged.

Appeal from the District Court of Wilbarger County. Tried below before the Hon. Robert Cole, Judge.

Appeal from a conviction for passing a forged instrument, penalty three years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is passing a forged instrument, punishment fixed at confinement in the penitentiary for a period of three years.

The alleged forged instrument reads thus:

"Bank Ex. $25.00.                    Vernon, Texas, April 9, 1926.
Pay to order of T. H. Martin,                  $25.00
W. R. Antle—Cotton—Vernon,              $25.00 and 00 cts.
         Value received and charge to account of
                    W. R. Antle & Company,
                    By W. R. Antle.
To T. H. Martin
For Cotton."

The evidence shows that the appellant presented the document to J. C. Robertson, who was in charge of Levine Brothers Store. Robertson O.K.d the check and the cashier gave the

appellant twenty-five dollars on it.   On the back of the check, as introduced in evidence, appears the indorsement:

"Pay to the order of The Farmers State Bank,
Vernon, Texas, Levine Bros., The Peoples Store."

We gather from the motion for new trial that the appellant's contention is that because the endorsement not being set out in the indictment, the fact that it appears on the instrument as introduced in evidence, constitutes a variance.   The endorsement we understand is not a part of the instrument.   See Cobb v. State, 286 S. W. 1086; Branch's Ann. Tex. P. C., p. 860; Hennessy v. State, 23 Tex. Crim. App. 354; Davis v. State, 70 Tex. Crim. Rep. 253.   See also Vernon's Tex. P. C., 1925, Vol. II, Art. 979, notes 16, 17 and 18; Robinson v. State, 35 Tex. Crim. Rep. 54; Beer v. State, 42 Tex. Crim. Rep. 505; Cox v. State, 92 Tex. Crim. Rep. 497.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Our attention is called to the fact that we inadvertently stated in our original opinion that appellant was convicted of forgery when the conviction in fact was for knowingly passing as true a forged instrument.   The original opinion has been corrected in this regard.

It is insisted that the evidence is insufficient to support the finding that appellant knew the instrument he passed was forged. He was in possession of and passed a check which was unquestionably a forgery.   When the party to whom he passed it made a suggestion that appellant must have gotten it in a poker game he adopted the suggestion and said that was where he received it.   The check was drawn in favor of T. H. Martin.   The state took the position that the payee in the check was a fictitious person.   Some eight witnesses testified that they knew of no such person, although some of them had been for some time in business which brought them in contact with the public generally.   Appellant did not testify.   He offered one witness only, who on direct examination testified that he knew a *T. H.* Martin, but on cross-examination became uncertain as to the initials.   The evidence justified the jury in concluding that Martin was a fictitious person.   Appellant being found in possession of a forged check payable to such a party and having passed it and received the benefits therefrom, the jury did no violence to the facts in the inference that he knew the check was forged.

The motion for rehearing is overruled.

*Overruled.*