## J. W. Cochran v. The State.

No. 11602. Delivered May 30, 1928.
Rehearing granted State January 15, 1930.
Rehearing granted appellant June 27, 1930.
Reported in 30 S. W. (2d) 316.

The opinion states the case.

*E. E. Diggs,* of Childress, and *Weeks, Morrow, Francis & Hankerson,* of Wichita Falls, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

On the proposition as to the sufficiency of the evidence to justify the conviction on the first count, appellant cited Cofer v. State, 295 S. W. 189; Mettall v. State, 232 S. W. 315; Pierce v. State, 44 S. W. 292; Robinson v. State, 43 S. W. 526; Gumpert v. State, 228 S. W. 237.

CHRISTIAN, JUDGE.—The offense is forgery; the punishment confinement in the penitentiary for three years.

The count of the indictment under which appellant was convicted charges that appellant—"did then and there unlawfully and without lawful authority, and with intent to injure and defraud, make a false instrument in writing, which said false instrument in writing so made was then and there of the tenor following:

> M. C. Boyd
>   County Treasurer
>     Childress, Texas, 6–18, 1924.
>  Pay to J. H. Dilliard or order....$ 44.00
>    Forty four & no/100........Dollars.
> Farmers & Mechanics State Bank      Per M. C. Boyd
>   88–254–11 Childress, Texas        County Treasurer
>                                     By Frank W. Freeman.
> 8421

And endorsed on the back thereof:......J. H. Dillard."

The state's testimony discloses that the check was written and signed by Frank W. Freeman, Deputy County Treasurer, after a warrant drawn by the County Clerk had been presented to him by appellant. The state's testimony further shows that appellant endorsed J. H. Dilliard's name on the check without authority.

Appellant contends that there is a variance between the proof and allegations in the indictment. His contention must be sustained. Appellant was charged with making a false instrument in writing and such instrument was described as hereinbefore set forth. It

was undisputed that appellant did not make the check, the state's evidence showing that the deputy county treasurer made it. The forgery consisted in the endorsement of the payee's name on the check without authority. If appellant forged the check the proof should have shown that his act purported to be that of the deputy treasurer. Article 979 P. C. Howes v. State, 3 S. W. (2d) 445. In the case of Pierce v. State, 44 S. W. 292, the indictment charged the forging of a postal money order, whereas, the proof disclosed that the accused forged the name of the payee to such order. In reversing the case, Judge Henderson said:

"If appellant, indeed forged the money order, then as contended by appellant, the proof should have shown that he personated the postmaster. In this case it shows no such thing. On the contrary, it shows that he forged the name of the payee of such order; that he forged his name to a receipt on the same, and obtained the money due on it. In our opinion  *   *   *   there is a complete variance between it (indictment) and the proof."

In McBride v. State, 246 S. W. 394, Judge Morrow used language as follows:

"If it is desired to prosecute for forging the name of the endorser, the indictment should be so framed as to coincide with the evidence to that effect."

In the instant case, the count of the indictment under which appellant was convicted was not so framed as to coincide with the evidence to the effect that the name of the payee of the check was forged. The endorsement, although set out in the indictment, was no part of the check. Cofer v. State, 295 S. W. 189, and authorities cited.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Both parties file motions for rehearing herein. Being of opinion that of the State should be granted, there is no need to consider the application filed by the appellant.

This case was reversed in our original opinion for a supposed variance between the allegations of the first count in the indictment,

and the testimony, but upon mature consideration we are of opinion that our action in so doing was erroneous. There seems to have been no question raised in the trial court of the sufficiency of the first count in the indictment to charge forgery of the endorsement upon the check therein set out,—either by motion to quash, objection to the introduction of testimony, or exception to the charge of the court submitting to the jury appellant's guilt under said count based upon their belief that he falsely made such endorsement.

It is evident from the record that the State's contention upon this trial was that appellant wrote upon the check set out in said first count, without lawful authority and with intent to injure and defraud, the name of J. H. Dillard as an endorsement on said check. The whole contention of appellant upon the trial, as evidenced by the testimony for the defense and the special charges requested, was that he was authorized or sufficiently believed himself authorized to write Dillard's name on said check as such endorsement. Upon this issue the battle was fought out in the lower court, the case tried, and a verdict rendered finding appellant guilty as charged in the first count of the indictment.

We are of opinion that said count one charges appellant with the forgery of said endorsement, and that said count was not defective in substance. Exception to the substance of an indictment must have been for one or more of the four reasons which are set out in Art. 511, C. C. P., none of which was advanced against the indictment or any part thereof in this case. Rangel v. State, 22 Texas Crim. App. 642. Complaint of the mere form of an indictment can not be for the first time made in a motion in arrest of judgment. Leon v. State, 95 Texas Crim. Rep. 124; Melley v. State, 93 Texas Crim. Rep. 522.

Much of the able and ingenious argument in the brief of appellant's counsel is addressed to the sufficiency of the indictment and the question of variance.

We are further of opinion that the testimony which showed that appellant received from the county treasurer a check payable to J. H. Dillard, and thereafter himself wrote the name "J. H. Dillard" as an endorsement on said check,—was responsive to and fully met the allegations of forgery appearing in the first count of said indictment. Appellant as a witness admitted the receipt of said check from said treasurer, but claimed that J. H. Dillard owed him and that he believed he had the authority to write Dillard's name on said check. When cashed, said check bore the endorsement of

Dillard which was shown to be in appellant's handwriting. Appellant was a county commissioner, and on the witness stand admitted that he put into the commissioners court a claim for pay to Dillard for road work, which was allowed by the commissioners' court and a warrant for the amount was made out and delivered to appellant, who took it to the county treasurer and exchanged the warrant for the check mentioned, which check was payable to Dillard and was thereafter cashed by appellant, having upon it at the time the name of Dillard endorsed in appellant's handwriting. Dillard swore that the county owed him nothing for road work, that he put in no claim therefor, and did not authorize appellant to write his name on said check. The evidence, as above stated in our opinion, is responsive to and meets the allegation and is sufficient.

Appellant offered a number of witnesses to prove his good reputation as a peaceable, law-abiding citizen. The State thereupon admitted in open court that appellant's general reputation in the respects mentioned, was good until the happening of the events here involved. Thereupon the court declined to permit said witnesses to testify, and appellant excepted. There was no error in the court's action in reference to refusing to permit said witnesses to testify, in view of said admission. Becker v. State, 190 S. W. Rep. 185, and authorities cited. Other cases have since been rendered affirming the holding in the Becker case.

We have examined the contentions set up in bills of exception 2, 3 and 4, and think none of them show error. A habit of appellant to cash checks for men in his employ; his wife's occasional payment for appellant of men who worked on the road by giving checks on appellant's bank account; his arrangement with other men to pay parties who worked for him as commissioner, and that thereafter he got warrants and checks and paid the parties with whom such arrangements had been made,—would none of them shed light on the guilt or innocence of the accused in this case it being shown by the testimony that appellant put in a claim for a man who swore that he had done no such work and had no right to such claim, and that if appellant thereafter endorsed upon the check representing final settlement of such claim the name of such man, such testimony, if true, could not shed light on appellant's claim that he had the right and authority from such man to make such endorsement. The exceptions to the charge of the court complained of in bill of exception No. 5 are deemed of no merit.

Believing that the case was fairly tried, and that the first count in the indictment sufficiently charged the offense of forgery of the endorsement on the check, and that it was met by the proof made, we are of the further opinion that the State's motion for rehearing should be granted, the judgment of reversal heretofore rendered set aside, and the judgment of the trial court affirmed, all of which is now accordingly ordered.

*Granted.*

ON APPELLANT'S MOTION FOR REHEARING.

HAWKINS, JUDGE.—On account of an unusual combination of circumstances a rather peculiar situation has arisen in this case.

The original opinion reversing the judgment and remanding the case for new trial was delivered on May 30, 1928; on June 9th, 1928, well within the fifteen days for filing motions for rehearing, appellant filed a motion asking this court to amend its judgment and instead of ordering the case remanded that it be ordered dismissed. This motion was submitted on June 13th; court adjourned on June 30th on which day the state filed a motion for rehearing. Not being able to dispose of the matter before adjournment the motions were carried over to a succeeding term of court. On January 15, 1930, the state's motion was granted. Appellant now challenges the right of the court to consider the state's motion on the ground that not having been acted on during the term in which the original opinion was rendered, and having been filed after the lapse of more than fifteen days from rendition of the opinion said motion for the state should not have been considered at all. If appellant himself had not on June 9th filed the motion heretofore referred to the soundness of his position with reference to the matter would not be debatable. Carusales v. State, 47 Tex. Cr. R. 1, 82 S. W. 1038; Bailey v. State, 11 Tex. Cr. R. 140; Craddock v. State, 15 Tex. Cr. R. 641; Kraft v. State, 86 Tex. Cr. R. 484, 217 S. W. 1038; McGhee v. Romatka, 92 Texas Rep. 241; Fitts v. State, 98 Tex. Cr. R. 146, 264 S. W. 1006. However, when appellant filed his motion it suspended the judgment, and the motion not having been acted on during the term the matter was carried over under our practice. (McGhee v. Romatka, supra.) It seems unnecessary to specifically determine what—under the circumstances stated—was the status of the state's delayed motion for rehearing, as in the opinion of the writer, the disposition of the case turns upon another point.

There were four counts in the indictment. The third charged the passing of a forged instrument and the fourth charged the possession of a forged instrument with intent to pass it. Those counts were not submitted but only the first and second. Omitting formal parts the first count alleged that appellant "did then and there unlawfully and without lawful authority, and with intent to injure and defraud, *make a false instrument in writing, which said false instrument in writing so made* was then and there of the tenor following:

M. C. Boyd
   County Treasurer
      Childress, Texas   6–18   1924
Pay to J. H. Dillard    or order   $44.00
   Forty four & no/100........Dollars
To the
Farmers & Mechanics State Bank  Per M. C. Boyd
88–254–11   Childress, Texas      County Treasurer,
                     By
                     Frank W. Freeman
8421

And endorsed on the back thereof:—J. H. Dillard."

It will be observed that in count one there is no averment as to the "purport" of the instrument in question, and by its tenor it must be construed to mean what the language employed would in its ordinary use convey. In the second count it is charged that appellant did "without lawful authority, and with intent to injure and defraud, wilfully and fraudulently make a false instrument in writing, *purporting* to be the *act* of *J. H. Dillard,* by then and there writing on the back of a check issued by the County Treasurer of Childress County  *  *  *  and being of the tenor following," (here setting out the check as in the first count and continuing with the following averments). "And endorsed across the back of it, 'J. H. Dillard,' the name of said J. H. Dillard, written on the back thereof so as to thereby make said writing appear as an endorsement of the said check by the said J. H. Dillard, and in such manner that the said *false endorsement* so made, would if the same were true, have created a pecuniary obligation and have transferred said instrument."

There is no doubt about what the pleader was aiming at in the second count. It is charged in unmistakable language that appellant forged J. H. Dillard's endorsement on the back of a bona fide

check issued under authority of the County Treasurer of Childress County. The averments of the second count comply literally with Sec. 410, p. 1472, Bishop's New Cr. Proc., Vol. 3, (2d Ed.) which reads:

"An endorsement on a note or check which without it is complete, so does not in law constitute a part of it, need not be set out in an indictment for the forgery thereof. *For the forgery of the endorsement, the indictment must have such averments as will make the offense affirmatively appear.*"

See Commonwealth v. Spilman, 124 Mass. 327.

Said second count is in almost the exact language found in Miller v. State, 34 S. W. 267, in which accused was charged with forging an endorsement on the back of a genuine draft. This language is taken from the opinion in Miller's case.

"It will be noted, in this case, that the gravamen of the offense here is not the writing and making of said described instrument, but the endorsement on the back thereof of the name, 'A. C. Witty.' "

What are the facts in the present case? There is no dispute about who made the check. The uncontradicted testimony shows appellant did not make it, but that it was a bona fide check issued by Frank W. Freeman, acting for the County Treasurer; therefore the gravamen of the offense under the undisputed facts was the endorsement of Dillard's name on the back of the check, which was pertinently charged in the second count, thus conforming to Judge Morrow's language in the opinion in McBride v. State, 93 Tex. Cr. R. 257, 246 S. W. 394.

"If it is the desire to prosecute for forging the name of the endorser, the indictment should be so framed as to coincide with the evidence to that effect."

The averments of the second count did coincide with the evidence, the averments of the first count did not.

The check issued by the County Treasurer was a complete instrument. The signature of "J. H. Dillard" thereon, if genuine, would make him liable as an endorser and would transfer the check to the bearer, but it was no part of the check itself, not being necessary to complete it, and therefore did not constitute a part of it. In Strang v. State, 32 Tex. Cr. R. 219, 22 S. W. 680, and in Carter v. State, 55 Tex. Cr. R. 43, 114 S. W. 839, it is held that the forgery of the name of a payee upon an existing valid negotiable instrument is forgery by alteration. To the mind of the writer the

averments in the first count convey no impression of an effort to charge any such forgery. There is in said count no positive and certain averment that appellant signed the name of Dillard on the back of said check. In State v. Knippa, 29 Texas 225, accused was charged with forgery by altering and obliterating a receipt for cotton. In the opinion is found the following statement:

"The grand jury must, of necessity, hear the testimony before returning a bill for a violation of law. The facts constituting the offense ought to be known to the officer who is to prepare the bills of indictment, and the offender should be charged with the particular offense which the evidence shows he has committed, and not with that offense and something else, when it clearly appears that he could not have committed the two or more offenses, as alleged. It is not perceived how the defendant could possibly have altered the receipt by adding a word to or erasing a word from the receipt, and by the same act obliterate, blot out, and destroy the entire receipt."

In Gumpert v. State, 88 Tex. Cr. R. 492, 228 S. W. 237, the passing of a forged check was alleged, and after setting out the check—as was done in the present case—there followed the words "endorsed on the back thereof, Roy Miller." It is said in the opinion:

"The check was complete without the endorsement. Branch's Ann. Tex. Penal Code, Sections 1397, 1409; Hennessey v. State, 23 Tex. App. 354, 5 S. W. 215; Bishop's New Crim. Procedure, vol. 3, Sec. 410.

"No attempt was made to charge that the instrument had been altered by making thereon a false endorsement. Strang v. State, 32 Tex. Cr. R. 219, 22 S. W. 680; Carter v. State, 55 Tex. Cr. R. 43, 114 S. W. 839.

"The instrument which was the subject of the forgery, under the allegations, was a check. In alleging that it bore the endorsement 'Roy Miller,' the pleader put upon it an unnecessary descriptive averment, but did not thereby render the indictment bad,"— meaning an indictment for forging the check.

Thus it is seen that even though an endorsement placed on an alleged forged check after its execution is averred in the indictment, it is regarded as an unnecessary allegation as the endorsement is no part of the instrument. An examination of the authorities cited in Cofer v. State, 107 Tex. Cr. R. 125, 295 S. W. 189, reveals many holdings of this court that although the alleged false instru-

ment bears an endorsement placed there after its execution, that the presence of the endorsement constitutes no variance with the instrument described in the indictment with the endorsement omitted. Where an endorsement of a certain kind is essential to the completion of or the validity of an instrument said endorsement must be averred (Robinson v. State, 35 Tex. Cr. R. 54) otherwise not.

Mention has been made of the fact that no attack was made on the first count of the indictment by motion to quash. What attack could have been made on it either in that manner or by motion in arrest of judgment? The count is good because it charges an offense, but the question is, does it charge the offense of which appellant is guilty under the evidence, if of any. Under all the authorities referred to and the approved Criminal Forms for indictments for forgery (See Wilson's Cr. Forms, 4th Ed., No. 410 and 411, and Branch's Ann. Tex. P. C., Sec. 1396) the plain import of the language employed in count one of the indictment charged appellant with having forged the check described. The holding of the various cases would lead to the inference that by the added words "and endorsed on the back thereof, J. H. Dillard," the pleader was simply making an unnecessary averment regarding an endorsement placed on the check after its execution. The sufficiency of an indictment must be measured by its allegations and not by the evidence. In the opinion of the writer the first count in the indictment fails to charge appellant with forgery of Dillard's endorsement at all. It does charge him with forgery of the check, of which offense he is shown to be not guilty by the state's own evidence. A person reading the first and second counts of the indictment, and being ignorant of the facts as subsequently developed, could by no ordinary construction of language reach the conclusion that the first count charged, or was intended to charge, a forgery of the endorsement. This is especially true in view of the fact that the second count specifically and pertinently does so charge.

In submitting the case on the first count the jury were told if they found from the evidence beyond a reasonable doubt that appellant with intent to defraud and without lawful authority falsely and fraudulently made the instrument in writing described in the indictment "in that the said J. W. Cochran did unlawfully, falsely and fraudulently and with intent to injure and defraud and without lawful authority, endorse said instrument in writing by writing on the back thereof the name J. H. Dillard so as to make the in-

strument appear to have been endorsed by the said J. H. Dillard" they would find appellant guilty under said first count. The second count was submitted in accordance with the allegations of the indictment with reference to said count. For some reason the jury saw fit to find appellant guilty under the first count. No objection was interposed to the manner in which the first count was submitted. However that in no way affects the question, if said first count does not charge forgery of the endorsement. It cannot be denied that the first count does unquestionably charge that appellant forged the check itself. If it be debatable that it also charged forgery of the endorsement there would be a variance between the allegation and the proof as is very clearly held in Pierce v. State, 38 Tex. Cr. R. 604, 44 S. W. 292, because as heretofore pointed out, the evidence is undisputed that appellant had nothing to do with the execution of the check, but that it was a bona fide instrument issued by authority of the County Treasurer of Childress County. It may be unfortunate for the state that the jury selected the first count upon which to predicate the verdict. In our opinion, under the evidence, the first count should not have been submitted.

We are of opinion that that part of appellant's motion seeking to have us amend the original judgment reversing the csae by also ordering the dismissal of the prosecution cannot properly be sustained. We can not assume that the evidence upon another trial, if one should be had, will be the same as found in the present record. If it should be the views heretofore expressed are sufficient guide for the trial court.

After as careful investigation of the matter as we have been able to make we have reached the conclusion that we fell into error in granting the state's motion for rehearing and that our opinion upon that motion should be set aside and that the appellant's motion for re-hearing should be granted, save in the particular above mentioned, and that the original judgment reversing and remanding the case should stand, and it is so ordered.

*Reversed and remanded.*

LATTIMORE, JUDGE.—This case was reversed for a supposed variance between the proof and the allegation in count one of the indictment, under which conviction was had, and in which appellant was charged with forgery of the written instrument set out in our original opinion, which included the endorsement of J. H. Dillard on the back of a check. The State asserted that there was no such

variance. What in fact is a variance of such materiality as to call for such reversal, is a question of much interest, and one which presents many angles.

Without citing the authorities, it may be stated that we allege theft of one head of cattle, and prove theft of a hundred, or vice versa; we allege theft of a horse, and prove theft of a mule, a mare, a colt or a stallion,—fifty of any or all of these; we allege an assault with a gun, and prove an assault with a pistol or other similar weapon; we allege the commission of an offense on a date named, and prove same was committed a year prior to such date; we allege an offense was committed by the accused,—we prove it was done by another person not named, but who was acting together with the accused in such commission; we charge a crime as committed by the accused therein named, and prove same to have been done by an innocent agent who is not named; we allege that the accused killed two men, and prove that only one was killed; we allege an assault with a gun, a knife and a bludgeon, and prove an assault with only one of the weapons named; we allege theft of fifty articles, and prove theft of any one or more of same, and in all these instances hold there is no variance. As applicable then in any case or in every case, what is a variance?

The definition of Mr. Greenleaf, as laid down in Sec. 63, Greenleaf on Evidence,—approved by this court in Warrington v. State, 1 Texas Crim. App. 173, and other later decisions,—has been practically followed without change. It is: "A disagreement between the allegation and proof in some matter which in point of law is essential to the charge or claim." Mr. Underhill in Sec. 80, Chap. 9 of the 3d. Ed. of his valuable work on Criminal Ev., states the present rule as follows:

"What variances are material.—The strict technical rules formerly governing this subject have been greatly relaxed, if not altogether abrogated, by statutory enactment or by the liberal spirit of the modern courts of criminal jurisdiction. In determining whether a variance is material, the question to be decided is, does the indictment so far fully and correctly inform the defendant of the criminal act with which he is charged that, taking into consideration the proof which is introduced against him, he is not misled in making his defense, or placed in danger of being put in jeopardy for the same offense?"

22 Cyc, p. 450, adopts Mr. Greenleaf's definition, supra, and on p. 456, id. it is said:

"A variance will not result where the allegations and the proof, although variant, are of the same legal signification. The fact that the charge is general and the proof particular, does not necessarily show a variance."

As supporting the text, the citations are Adams v. People, 25 Col. 535, 55 Pac. 806; State v. Regan, 63 Me. 127; Com. v. Pease, 137 Mass. 576; Weinecke v. State, 34 Neb. 14; State v. Brown, 82 N. C. 585; Somers v. State, 5 Sneed (Tenn.) 438. In Kruger v. State, 135 Ind. 573, 35 N. E. 1019, it is said:

"A variance is not now regarded as material unless it is such as might mislead the defense or expose the accused to the danger of being put twice in jeopardy for the same offense."

Wharton's Crim. Law, 10th Ed., Sec. 90, states as follows:

"Variance at law is the difference between the essential parts of a legal proceeding that, to be effectual, must agree with each other.

Such difference is characterized as a material variance or an immaterial variance.

(a) A material variance at law is such a difference between the essential parts of a legal proceeding that one of such parts is rendered ineffectual to such a degree that the proceeding fails.

(b) An immaterial variance at law is a difference between the essential parts of a proceeding that does not so affect the relation between them as to destroy the legal sequence.

Modern rule of material variance.—Variance in criminal law, is not now regarded as material, unless it is of such a substantive character as to mislead the accused in preparing his defense, or places him in a second jeopardy for the same offense."

That the principles involved in the above authorities, applied to the instant case, in fact wholly exclude any claim of variance, seems plain from the record herein. Appellant was charged in count one of the indictment with falsely making a written instrument set out by its tenor, which included the endorsement of J. H. Dillard. The only claim of the State from the inception of the case was that appellant forged said endorsement and thereby falsely made the whole instrument as it stood after such endorsement. That such was its claim and charge against him was known to and acquiesced in by appellant throughout the trial. The facts showed him to have been a county commissioner of his county at the time of the alleged forgery, and that as such he had charge of road work in his precinct; that as such he made out and presented to the commissioners' court of said county a claim in the sum of $44.00 due to J. H. Dillard for

work on said road; that when the claim was allowed a warrant for said amount was made and delivered to appellant who took it to the county treasurer by whom the check in question was written payable to J. H. Dillard for said sum, and said check was delivered to appellant. When next seen said check bore the endorsement "J. H. Dillard," and also the endorsement of appellant. The Dillard endorsement was shown on this trial to be in the writing of appellant, and Dillard denied having made same. Appellant took the stand in his own behalf and substantially admitted the above facts, but claimed that Dillard owed him at the time, and that the money on said check was either given to Dillard or he was given credit therefor on account by appellant. The whole defense was based on appellant's belief that he was authorized, or that he believed himself to be authorized, to sign Dillard's name to said endorsement, and that therefore he was wholly without intent to injure or defraud. As illustrative of his theory, we quote from two special charges asked by appellant. Special charge No. 4 asked by appellant and given by the trial judge was as follows:

"You are instructed that a person is not guilty of forgery when he makes an instrument in writing acting under an authority which he has good reason to believe and does believe to be sufficient, though in fact the authority be insufficient and void. And the burden is upon the State to prove beyond a reasonable doubt that the defendant signed the name of the witness Dillard on the check named in the indictment without authority and without good reason to believe or did actually believe that he had such authority.

"Therefore, unless you find that the testimony shows beyond a reasonable doubt that the defendant signed the name of the witness Dillard on said check without good reason to believe, or actually did believe that he had authority to so sign said name, you will find him not guilty and so say by your verdict."

Special charge No. 8 asked by appellant and refused by the trial court, was as follows:

"Defendant requests the following instructions to the jury:

"You are instructed that if the check named in the indictment was given for work actually done upon the roads of Childress County, by the teams of defendant and for work of Roy Dillard, on said road, then defendant would be entitled to receive the proceeds of said check and his endorsement of the name of J. H. Dillard thereon would not be forgery, and if you find from the evidence that such was the case, you will find the defendant not guilty."

In his main charge to the jury the court below stated the law applicable to the first count of the indictment as follows:

"Now, if you believe from the evidence, beyond a reasonable doubt, that the defendant J. W. Cochran, with intent to defraud, and without lawful authority, did, in the County of Childress and State of Texas, on or about the 18th day of June, 1924, falsely and fraudulently make a certain instrument of writing of the tenor following, to-wit:

M. C. Boyd,                                    No. 2837
County Treasurer.
    Childress, Texas, 6-18-1924
Pay to J. H. Dillard            or order            $44.00
    Forty four and no/100 .......... Dollars
To the
Farmers and Mechanics State Bank
88/254–11.       Childress, Texas

                          Per M. C. Boyd
                          County Treasurer
                          By Frank W. Freeman.

8421

And endorsed on the back thereof: 'J. H. Dillard'—in that the said J. W. Cochran did then and there unlawfully, falsely and fraudulently, and with intent to injure and defraud, and without lawful authority, endorse said instrument in writing by writing on the back thereof the name of J. H. Dillard, so as to make said instrument appear to have been endorsed by the said J. H. Dillard, you will find the defendant guilty as charged in the first count of the indictment and assess his punishment at confinement in the State penitentiary," etc.   There was no exception to the charge nor to the acceptance or rejection of evidence, even remotely suggesting or presenting any claim of variance.

Appellant was not misled.   He fully made the only defense he had.   It was submitted to the jury in terms of appellant's own choosing.   They were told by the trial court in plain words that if they believed beyond a reasonable doubt that appellant falsely made the instrument set out in count one by writing Dillard's name on said check as an endorsement, and that this was without authority and with intent to injure and defraud, they should find him guilty under count No. 1.   Such presentation appears to have been satisfactory to appellant.   The battle was fought out between appellant and the State on these lines.   Appellant lost.   He made a motion in

arrest of judgment, but in same said nothing of any variance. Plainly there could be no danger of jeopardy from a second prosecution for the offense charged against him.

We may here say that if there be such material discrepancy between the allegations of an indictment, and the proof made, as that in any point of law essential to the crime charged or attempted to be charged, the proof failed to support or meet the averments,—such discrepancy or variance could be raised in this court in its first instance. As a requisite to a legal conviction of a felony any man accused of crime has the right to demand not only proof that he is guilty of a crime, but also that he is guilty of the particular crime charged against him in the indictment then before the court.

The pith of appellant's contention, if we understand him, is that the placing of an endorsement on an instrument already in existence is an alteration of same; and that in such case it would not do to charge him with falsely making the whole instrument, including the endorsement, but that he must be charged in terms with having altered a genuine document; in short, that falsely making the endorsement in this case would not be falsely making the instrument thus endorsed. The exact question seems not to have been before this court heretofore, hence need for care in making a precedent as well as in correct decision of the particular case.

The text books seem in accord. Wharton's Criminal Evidence, 10th Ed., Sec. 114, says: "The parts of the document on which the prosecution rests need not be set out in the indictment." The case of Gardiner v. State, 23 N. C. 27, is cited in support of the text. From same we quote:

"The forgery may have consisted of alterations of a true instrument, as by making the same mentioned in the bond more or less than it was at first, or by adding the names of the other two obligors without their knowledge or consent, and that of the obligee. Now it is a settled rule that in such cases the forgery may be charged specially by alleging the alterations; or the forgery of the entire instrument may be charged,—and this last will be supported by evidence of the alterations. * * * After the alterations the instrument as a whole is a different instrument from what it was, and therefore in its altered state it is a forgery of the whole."

Bishop's New Crim. Procedure, 2 Vol., Sec. 488d, says:

"In forgery, on an averment that the whole instrument is forged, proof of the forgery of any material part suffices."

Wharton's Crim. Proc., Vol. 1, 10th Ed., Sec. 670, states:

"Any change or alteration of a genuine written instrument in a material part thereof, with intent to injure or defraud, by means of which alteration the instrument is given a new effect,—constitutes a forgery of the whole instrument and may be specifically alleged to have been done by the alteration, *or to consist of a forgery of the whole instrument."*

Bishop's New Crim. Law, Vol. 2, Sec. 573, contains the following:

"The indictment for forgery by alteration may,—if the pleader chooses,—lay the offense as forgery of the entire instrument,—for in law it is such."

19 Cyc. p. 1394, says:

"If defendant has altered a genuine instrument, he may be charged with the forgery of the entire instrument; and if he has procured another to do the act, or has aided therein, he may be charged with doing the act himself."

A number of cases are cited supporting the text. People v. Brotherton, 47 Cal. 401, has the following:

"The next point made for the prisoners asserts a distinction in point of law between the forgery of the check, and its material alteration made for a fraudulent purpose. * * * Any alteration of a genuine instrument, in the material part, whereby a new operation is given to it, is a forgery of the whole. (2 Whart. Cr. Law, Sec. 1421). And when a genuine instrument is so altered the forgery may be specially alleged, as constituted by the alteration, or the forgery of the entire instrument may be alleged. As altered, it is a forgery of the whole. (State v. Weaver, 13 Ired. 491.) We think therefore that the objection in this respect was properly overruled."

In State v. Maxwell, 47 Ia. 454, it is said:

"The forgery consisted of this alteration. Evidence thereof was sufficient to support the allegation of the forgery of the instrument set out in the indictment."

In Com. v. Butterick, 100 Mass. 12, the court said:

"The averment that the whole instrument has been forged is satisfied by proof of a forgery of any material part."

The same holding will be found in Com. v. Boutwell, 129 Mass. 124. In State v. Floyd, 5 Strob. (S. C.) 58, it was decided upon a full consideration, and citation of many authorities, that an indictment alleging forgery of the whole instrument would be supported by proof of its alteration. So in State v. Flye, 26 Me. 312, the

point was distinctly made by the defense that as the indictment was for forgery of the order, the defendant could not be convicted upon proof of alteration only, but the court held to the contrary. In State v. Weaver, 35 N. C. 491, it is said:

"There is no doubt that when a genuine instrument is altered so as to give it a different effect, the forgery may be specially alleged as constituted by the alteration, or the forgery of the entire instrument may be charged. As altered it is a forgery of the entire instrument."

It was the insistence of the defense in said case that evidence of an alteration did not support a charge of forgery of the whole instrument.

What is the legal effect of an endorsement? Art. 5936, Revised Civil Statutes, 1925, pointedly states that an endorsement without qualification warrants to any holder in due course, the genuineness of the instrument as it stands,—that it is what it purports to be, and there can be no question of the liability of such endorser for every obligation of the instrument so endorsed. Art. 992, 1925, P. C. goes a step further, and in so many words and as plainly as language, stripped of ambiguity and needing no interpretation, can state, says that the maker of the endorsement *makes the whole instrument as well*. Omitting nonessential words, same says:

"It is forgery to make * * * a written instrument by filling up over a genuine signature, or by writing on the opposite side of a paper so as to make the signature appear as an endorsement."

In Wheeler v. State, 62 Texas Crim. Rep. 370, the forgery was shown to have been done by filling up over a genuine signature. The allegation seems to have been of a forgery of the whole document. The case was affirmed. See also Hooper v. State, 30 Texas Crim. App. 412.

So in Darbyshire v. State, 36 Texas Crim. Rep. 547, where forgery was laid of an entire instrument set out together with an endorsement thereon, and the proof showed the body of the instrument to be in the writing of the accused, but not the signature. The trial court charged the jury that if the accused wrote the name or any part of the instrument, he would be guilty of forgery. Approving this charge on appeal Judge Davidson says: "If the defendant forged the note or any part of it, he knew it was a forgery; and if he wrote any part of the note he was as guilty as if he had written the entire instrument." In Thurmond v. State, 25 Texas Crim. App. 366, attack was made on a forgery indictment wherein the document set out contained several names, and no allegation as to

which of said names was forged. The indictment was upheld. In Crawford v. State, 31 Texas Crim. Rep. 51, appears a case in which the instrument set out in the indictment contained the alleged forged name only at the beginning of the document set out as forged. This court said the location of the name made no difference if it appeared that the party writing same intended to bind himself. We said: "If he write his name in any part of the agreement, it may be taken as his signature, provided it is written for the purpose of giving authenticity to the instrument." In Elkins v. State, 35 Texas Crim. Rep. 207, Judge Hurt says: "If the name of the party appears in the instrument, it is immaterial in what part of same it appears, whether at the top or in the middle or at the bottom." We might add that this great jurist might have said in an appropriate case with equal force "or on the opposite side of the paper." In Strang v. State, 32 Texas Crim. Rep. 219, the accused was charged with knowingly passing as true a forged instrument set out by its tenor, which included an endorsement on the check, it being alleged that the accused knew the endorsement was a forgery. The proof showed the instrument was genuine, save the endorsement, which was forged. This court held that knowledge on the part of the accused at the time he passed the check that the endorsement was forged,— was sufficient to support the charge that he knowingly passed as true the entire instrument set out.

We deem it not necessary to discuss those cases in which appear statements in the opinions in effect that the endorsement is no part of the instrument. They can and should only have application in cases in which the endorsement is placed on the document subsequent to the false making of such instrument, or in which the allegation of forgery does not include the endorsement, or the State's case does not depend on proof of the forgery of such endorsement. It is said in Robinson v. State, 35 Texas Crim. Rep. 54, and Overly v. State, 34 Texas Crim. Rep. 500, that if the instrument set out as forged would be incomplete without the endorsement, such endorsement should be alleged. Pierce's case, 38 Texas Crim. Rep. 604, is referred to as analogous to the instant case on the question of variance. Pierce was charged with forging a money order. The proof in his case showed that he forged the receipt for the amount of money called for by a genuine money order. There was no claim in the proof that the money order itself was forged. This court properly held under such facts there was fatal variance between the allegation and proof.

The interesting and important question here involved has led us to as thorough an investigation of same as our means of information permit. We are fully satisfied that the conclusion that no disagreement in any point of law essential to the crime of forgery between the allegation and proof, exists in this case,—is sound under the law. The legal sufficiency for the purpose intended of the document set out as forged in any case is primarily for the trial court. It is plain from this record that the judge who tried this case was of opinion that the setting out of the check in question in the indictment, together with the fact that the name J. H. Dillard was endorsed thereon, and further that appellant falsely and with intent to injure and defraud *made such instrument*,—fully charged him with forgery, and that proof that he falsely wrote the endorsement on the check sufficed to justify his conviction for forgery of the whole instrument. He so told the jury in his charge. Their verdict was necessarily based on such charge of the court. They thus found appellant guilty of making the false endorsement, under instructions from the court to so find him guilty under the first count of the indictment if they believed the endorsement to have been falsely made by him. Under all the authorities above cited this was legal and correct. In this connection we can not forbear quoting what Judge Ramsey said in the Forcy case, 60 Texas Crim. Rep. 209:

"There is in the books much curious learning on the subject of forgery, and the office of the tenor and purport clauses in the indictment for this offense have been refined upon by courts until it is sometimes difficult for one to grasp and comprehend the office of either, and these refinements have sometimes, it seems to us, gone to the extent of overshadowing and dwarfing the substance of the matter required to be alleged. What instruments may be the subject of forgery has also quite frequently received judicial interpretation. These instances and illustrations are numerous and not always wholly consistent. We think in later times the niceties of pleading in prosecutions for forgery have not always been recognized; that the trend of modern decisions is to look rather to the substance than to the form that such instruments may take. We can not be unmindful of the fact that with the progress of civilization and the frequency in commerce with which business is transacted by notes, bills, and letters of credit, that it is essential to the protection of the citizen and the integrity of commerce, that a reasonable and sensible rule in prosecutions for forgery should be established. In olden times trade was either a matter of barter or for money in

hand. In these times, as we know, but a small percent of commercial transactions are carried on and completed in any other form than by note, bond, checks, orders and drafts. While having due regard for the safety of the individual citizen who may be prosecuted for forgery of any of the manifold instruments conveying or undertaking to convey moneys and property, it is essential that at least some fair regard shall be had to the protection of the great body of our people who are interested in the honesty and integrity of these instruments."

Confident in the correctness of my conclusions above set forth, I regret that I can not agree to this reversal. It seems grasping at shadow and overlooking substance. The supposed variance herein was not such as to mislead appellant either in preparing or presenting his defense, as I have demonstrated above. It ought then not to be sufficient to mislead this court into holding that there was such material variance as to necessitate reversal. Both counts in the indictment were submitted in practically identical language, no objection being offered by appellant, who waged his battle on the proposition that he was charged with making the instrument by writing an endorsement, which endorsement he admitted having written, but claimed authority to so write. Conviction under one count, two being submitted, acquits under the other. Application of this rule will set appellant free. The evidence overwhelmingly shows his guilt. I respectfully record my dissent.