132

C. E. LANDRUM v. THE STATE.

No. 14385.   Delivered October 28, 1931.

The opinion states the case.

*W. T. David,* of San Augustine, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Appellant was convicted for the forgery of an indorsement on a check, and his punishment assessed at two years' confinement in the penitentiary.

The charging part of the indictment avers that appellant did— "* * * without lawful authority, and with the intent to injure and defraud, wilfully and fraudulently make a false instrument in writing purporting to be the act of another, to-wit: the act of E. L. Henry, which said instrument to the tenor following:

"San Augustine, Texas,_____192_____            _____No.___ ___

"Silsbee State Bank of Silsbee, Texas.

"Pay to Cash or bearer Seven & 50/100 Dollars

"C. E. Landrum.

"On back thereof, E. L. Henry."

The evidence appears undisputed that appellant wrote the check in question and therefore if there was any forgery it consisted of the unauthorized placing of Henry's name on the back thereof as an indorsement. There are no averments in the indictment which make it plain' that it was the purpose and intent of the pleader to charge the forgery of said indorsement. The very question controlling was discussed at length in the recent case of Cochran v. State, 30 S. W. (2d) 316. See also Miller v. State, 117 Texas Crim. Rep., 247, 34 S. W., 267; McBride v. State, 93 Texas Crim. Rep., 257, 246 S. W., 394; Pierce v. State, 38 Texas Crim. Rep., 604, 44 S. W., 292; Gumpert v. State, 88 Texas Crim. Rep., 492, 228 S. W., 237; Cofer v. State, 107 Texas Crim. Rep., 125, 295 S. W., 189, and authorities therein cited. Also, Bishop's New Crim. Proc., vol. 3, Second Ed., sec. 410, p. 1472.

It being evident from the record that it was the purpose of the pleader to charge a forgery of the indorsement and being insufficient for that purpose, the judgment must be reversed and the prosecution dismissed, and it is so ordered. If further prosecution should be desired it must be under a new indictment.

*Judgment reversed and prosecution dismissed.*