### Gordon S. MAYCOCK, Appellant,

v.

### The STATE of Texas, Appellee.

### Nos. 05–89–01236, 05–89–01237, 05–89–01238–CR.

Court of Appeals of Texas, Dallas.

Nov. 30, 1990.

Tracy Holmes, Dallas, for appellant.

Donald G. Davis, Dallas, for appellee.

Before McCLUNG, ROWE and BURNETT, JJ.

## OPINION

BURNETT, Justice.

Gordon Sappeek Maycock appeals his conviction of forgery and the revocation of probation in two prior theft cases. After a bench trial, the court assessed punishment at eight years' confinement. In his sole point of error, Maycock claims that a fatal variance exists between the indictment and the proof at trial on the charge of forgery by passing. We overrule Maycock's point of error and affirm the trial court's judgment.

## FACTS

Maycock testified that he owned a paint contracting business named Smith and Jones Interior Exterior Designs. Maycock stated that in July 1988 he worked as a sub-contractor for Marrone Meridian, and he had hired C.C. Fielder, a painter, to do some of the work for him on that job. John Marrone, the owner of Marrone Meridian, partially paid for the work performed by Maycock's business with an $810 check made out to both the business and Fielder. Maycock admitted that when he received the check he endorsed the check with Fielder's signature without Fielder's permission, then cashed the check, and used all of the money received to pay business expenses.

Herlinda Garcia, an employee of Redi–Cash, Inc., testified that on July 20, 1988,

she cashed a check presented by Maycock. The check was made out to Maycock's business and Fielder. Ms. Garcia stated that Fielder's signature was already on the check when Maycock gave it to her and that Maycock endorsed the check in her presence. Ms. Garcia then tendered Maycock $810 less the check cashing fee.

Ms. Sharon Nusinow, the secretary and treasurer of Redi–Cash, testified that on July 20, 1988, the bank notified her of a stop payment order on the $810 check. She then called Marrone Meridian who informed her that it stopped payment on the check because of the forged signature of Fielder, the second party payee.

Fielder testified that the signature on the back of the check was not his, that he had not given anyone permission to place his signature on the check, and that he received none of the money paid to Maycock by Redi–Cash.

## VARIANCE

In his sole point of error, Maycock contends that a fatal variance exists between the indictment and the proof at trial on the charge of forgery by passing. He argues that the indictment alleges that the forged writing he unlawfully passed to Ms. Garcia consisted of a check and that the proof at trial established that no unauthorized or forged writing appeared on the face of the check. Maycock further argues that the forged indorsement was not part of the check; therefore, the evidence does not support the indictment. *See Cochran v. State,* 115 Tex.Crim. 201, 30 S.W.2d 316, 320 (App.1930) (opinion on reh'g).

*Cochran* no longer controls this area of the law. *Cochran* was decided under the former penal code. Under the 1925 Penal Code, separate articles dealt with the forgery of checks and the forgery of endorsements. In pertinent part, these articles provided:

**Article 979. "Forgery"**

He is guilty of forgery who without lawful authority, and with intent to injure or defraud, shall make a *false instrument in writing* purporting to be the act of another....

**Art. 992. Filling up over signature**

It is a forgery to make, with intent to defraud or injure, a written instrument ... by writing on the opposite side of a paper so as to make the signature appear as an endorsement.

TEX.PENAL CODE ANN. ARTS. 979 & 992 (Vernon 1925) (emphasis added) *repealed* by Acts 63rd Leg., ch. 399, at 991–995 effective Jan. 1, 1974. Under the old Penal Code, a forged endorsement was not considered a part of the forged instrument unless it was specifically averred in the indictment. *See Cochran,* 30 S.W.2d at 319. Section 32.21 of the current Penal Code consolidated a number of provisions of the old Penal Code covering forgery of different kinds of documents. The legislature achieved this consolidation through the use of a broad definition of writing. Searcy & Patterson, Practice Commentary, TEX.PENAL CODE ANN. § 32.21 (Vernon 1989). Section 32.21 provides in pertinent part:

**§ 32.21 FORGERY**

(a) For the purposes of this section:

(1) "Forge" means:

(A) to alter, make, complete, execute, or authenticate *any writing*....

. . . .

(B) to issue, transfer, ... pass, ..., or otherwise utter a writing that is forged within the meaning of Paragraph (A)....

. . . .

(2) "Writing" includes:

(A) printing or any other method of recording information;

. . . .

(b) A person commits an offense if he forges a writing with intent to defraud or harm another.

. . . .

TEX.PENAL CODE ANN. § 32.21(b) (Vernon 1989) (emphasis added).

■ In enacting an amendment to a statute, the Legislature is presumed to have changed the law, and the court should adopt a construction that gives effect to the intended change, rather than one that renders the amendment useless. *Ex parte Trahan,* 591 S.W.2d 837, 842 (Tex.Crim. App.1979). We must presume that the

Legislature used every word in the new statute for a purpose and that every word excluded from the statute must have been excluded for a purpose. Only when it is necessary to give effect to the clear legislative intent can we insert additional words or requirements into a statutory provision. *Cameron v. Terrell & Garrett, Inc.,* 618 S.W.2d 535, 540 (Tex.1981); *see Morter v. State,* 551 S.W.2d 715, 718 (Tex.Crim.App. 1977).

■ We must presume with the consolidation of the various provisions covering the different kinds of forgery that the Legislature intended to simplify forgery prosecutions. Logically, under the old Penal Code where the forgery of an instrument and the forgery of an endorsement fell under two different sections, these different types of forgery required separate averments in the indictment. To interpret the new statute as necessitating the same requirements as the old one would render the amendment useless and require us to place additional requirements into the current statutory provisions. Under the new Penal Code, an endorsement now falls within the statute's definition of writing. With the Legislature's consolidation of the forgery provisions through the broad definition of "writing" and its use of the term "any writing" in the statute's definition of forgery, this one statute is now broad enough to cover both the forgery of checks and endorsements. Therefore, the need for separate averments in the indictment is no longer necessary.

The indictment charged Maycock under section 32.21 with intentionally and knowingly passing a forged writing to Herlinda Garcia, knowing that the writing was forged without authorization, and that the writing was a check. The indictment included copies of both the front and the back of the check at issue. At trial, Maycock admitted that he had forged Fielder's endorsement on the check at issue and then passed that check to Ms. Garcia. Since the Legislature has consolidated the various provisions for forgery into one statute, thus making the need for separate averments unnecessary, no fatal variance exists between the indictment and the proof at trial. We overrule Maycock's sole point of error and affirm the trial court's judgment.